### Ex parte DANG FOO.

(District Court, W. D. Washington, N. D. May 27, 1925.)

No. 9565.

Aliens ⟷32(13)—Presumption created by consular certificate to immigrant may be overcome by evidence.

The presumption created by a consular visa issued under Immigration Act 1924, § 2, to a Chinese immigrant as a traveler under Chinese Exclusion Act 1882, § 6 (Comp. St. § 4293), may be overcome by testimony bearing directly on the issue, and if deemed sufficient by a board of special inquiry a court cannot interfere.

Habeas Corpus. In the matter of the petition of Dang Foo for such writ. Hearing on order to show cause. Writ denied.

Hugh C. Todd, of Seattle, Wash., for petitioner.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. The petitioner seeks admission as a section 6 traveler under the Chinese Exclusion Act (Comp. St. § 4293), and also presented visaed certificate under Immigration Act 1924, § 2 (43 Stat. 153). He was excluded by the Commissioner of Immigration, and on appeal this exclusion was confirmed and he was ordered deported. He charges that he was denied a fair hearing; that he is entitled to enter.

The consular seal may not be discredited without testimony bearing directly upon the issue. The identity of the petitioner and the fact that his father is a merchant in China, and he having some relation with the business, is not controverted, and he may not be excluded upon mere suspicion and conjecture. If there is testimony, however, to overcome the presumption established by the consular visa, then the function of this court in this case is ended.

I think it may be stated that a reasonably prudent merchant, representing an $80,000 or $90,000 interest, going in good faith to a foreign country for travel and business survey, would have a definite course and fixed plan and policy outlined. The petitioner states that his purpose was to examine into the business of a Chinese firm in Seattle in which his father had a $500 interest (which interest is not disclosed upon the books of this concern), and says that he expected to assist the bookkeeper of this concern, and likewise assist in the sales department of the store for a time. When asked as to the business that he expected to survey and be informed about, the answers are barren of any fact. His stay is indefinite—three or four years—possibly engaging in business for three or four years, or possibly longer. He does express a willingness to execute a bond in the sum of $500 to maintain exempt status while in the United States and leave within a year. His answers are not elucidative of purpose or intent. If travel and business survey was truly his purpose, he could have readily established it without the hesitating, indefinite, elusive, and changeable manner.

Truth is a divine attribute and can nev-

er change. It is the established principle, the quality or reality of fixed law, which declares or determines the fact. According to the best lexicographers, it is almost synonymous with veracity and honesty. In common parlance, "fact" and "truth" are frequently used as synonymous. Fact is an event; an act, incident, circumstance, or effect, produced or achieved. No incident, act, or circumstance disclosed establishes or determines the purpose or intent of the petitioner, and the statement that he expects to engage in assisting to keep books and in the sales department of this store in Seattle is out of harmony with a section 6 certificate, and directly contradictory thereof. The board of special inquiry saw the petitioner, heard him testify, observed his demeanor, and from all the circumstances surrounding were better enabled to determine the quality or reality of a fixed purpose, and determine from the statements made and the circumstances the purpose and intent. There is positive, tangible testimony contradictory of the consular certificate, and, the board of special inquiry having so concluded, this court may not interfere.

Writ denied.