WEEDIN, Commissioner of Immigration, v. WONG TAT HING et al. (No. 4387.)

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925.)

1. Aliens ⊂═➞25—Chinese merchants entitled to be admitted.

Right of Chinese merchants to be admitted to the United States under Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. § 4293), on production of the certificates prescribed by this section, unless the facts therein stated are disproved, is not affected by Immigration Act, 1924, § 3, cl. 6, or section 15.

2. Aliens ⊂═➞25—Wives and minor children of Chinese merchants entitled to enter.

Wives and minor children of Chinese merchants entitled to enter the United States are also entitled to enter.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus by Wong Tat Hing and others against Luther Weedin, United States Commissioner of Immigration at the Port of Seattle. From an order allowing the writ and discharging petitioners, the Commissioner appeals. Affirmed.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Hugh C. Todd, of Seattle, Wash., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Section 6 of the Act of May 6, 1882 (22 Stat. 60), entitled "An act to execute certain treaty stipulations relating to Chinese," as amended by the Act of July 5, 1884 (23 Stat. 116 [Comp. St. § 4293]), provides that every Chinese person, other than a Chinese laborer, who may be entitled to come within the United States, and who shall be about to come to the United States, shall obtain the permission of and be identified by the Chinese government, or of such other foreign government of which at the time such Chinese person shall be a subject, to be evidenced by a certificate issued by such government. The certificate is required to be in the English language and must set forth certain information concerning the applicant therefor, and if the applicant be a merchant the certificate shall, in addition to the other requirements, state the nature, character, and estimated value of the business carried on by him prior to and at the time of his application to enter. It is further provided that nothing therein contained or in the treaty between the United States and China (22 Stat. 826) shall be construed as embracing within the meaning of the word "merchant," hucksters, peddlers, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or exportation.

The certificate therein provided for, and the identity of the person named therein shall, before such person goes on board any vessel to proceed to the United States, be viséed by the indorsement of the diplomatic representatives of the United States in the foreign country from which the certificate issues, or of the consular representative of the United States at the port or place from which the person named in the certificate is about to depart, and the diplomatic representative or consular representative, whose indorsement is so required, is empowered, and it shall be his duty, before indorsing such certificate, to examine into the truth of the statements set forth therein, and if he shall find upon examination that any of the statements therein contained are untrue it shall be his duty to refuse to indorse the same. The certificate, when viséed as required, is prima facie evidence of the facts set forth therein, and shall be produced to the collector of customs of the port in the district in the United States at which the person named therein shall arrive, and afterward produced to the proper authorities of the United States when lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States. The certificate thus provided for may be controverted, and the facts therein stated disproved, by United States authorities.

The term "merchant" is defined by section 2 of the Act of November 3, 1893 (28 Stat. 7 [Comp. St. § 4324]), as follows: "A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such

as is necessary in the conduct of his business as such merchant."

Section 3 of the Immigration Act of May 26, 1924 (43 Stat. 154), provides: "When used in this act the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except   *   *   *   (6) an alien entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation."

The appellees here are 19 in number. Thirteen are merchants and 6 are sons of merchants. Each merchant presented to the immigration authorities at the port of arrival the certificate prescribed by section 6 of the act of 1884, together with proof of his identity as the proper holder of the certificate. The applications to enter were denied by the Department of Labor, upon the ground that the applicants were not merchants within the meaning of the law. The applicants thereupon applied to the court below for a writ of habeas corpus, and the present appeal is prosecuted from an order allowing the writ and granting a discharge.

For 40 years following the passage of the act of 1884, Chinese merchants have been freely admitted into this country upon presenting the certificates prescribed by section 6 of the act of 1884, in proper form, and duly viséed by consular officers of the United States, upon proof of their identity as the proper holders of such certificates, and we find nothing in the act of 1924, changing or modifying this long-established rule.

Section 25 of the Immigration Act of 1924 provides that the provisions of that act are in addition to, and not in substitution for, the provisions of the immigration laws, and shall be enforced as a part of such laws; that an alien, although admissible under the provisions of the act of 1924, shall not be admitted to the United States, if he is excluded by any provision of the immigration laws other than the act of 1924, and that an alien, although admissible under the provisions of the immigration laws other than the act of 1924, shall not be admitted to the United States, if he is excluded by any provision of the latter act. Section 28 of the act of 1924 provides that the term "immigration laws" includes the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u), the Immigration Act of 1924, and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, or expulsion of aliens.

[1] The appellees, who are merchants, were clearly admissible under the act of 1884, and they are still admissible, unless excluded by some provision of the act of 1924. The only two provisions of the latter act which have any bearing on the question now under consideration are clause 6 of section 3 and section 15. The former we have already quoted, and the latter provides that the admission to the United States of an alien excepted by clause 6 of section 3 shall be for such time and under such conditions as may be by regulations prescribed, including, when deemed necessary, the giving of bond with sufficient surety, in such sum and containing such conditions as may be by regulations prescribed, to insure that at the expiration of such time, or upon failure to maintain the status under which admitted, he will depart from the United States.

Clause 6 of section 3 excepts aliens who are entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation. If the acts of 1882 and 1884 have been superseded and abrogated, how are the immigration authorities or the courts to ascertain or determine who are entitled to admission under the foregoing provision? The treaty between the United States and China (22 Stat. 826) consists of four brief articles and is not self executing. Article IV provides that, whenever the government of the United States shall adopt legislative measures in accordance therewith, such measures will be communicated to the government of China, and the acts of 1882 and 1884 were passed for the express purpose of executing the stipulations of that treaty. If these acts have been abrogated, there is now no law to execute the stipulations of the treaty because the three lines of clause 6 can hardly be considered as such a law. Section 15 of the Immigration Act of 1924 provides that the admission of clause 6 aliens shall be under such conditions as may be by regulations prescribed; but this general provision would not seem to work a repeal of the existing Chinese exclusion acts, and, so far as we are advised, no attempt has been made to promulgate any such regulations.

For these reasons, we are of opinion that Chinese merchants are still entitled to be admitted to the United States; that the certificates prescribed by section 6 of the act of 1884 are still the sole evidence permissible on their part to establish their right of entry into the United States; and, that the certificates, when produced, are still prima facie

evidence of the facts therein stated. If we are correct in these conclusions, the Chinese merchants in question were entitled to be admitted to the United States upon producing certificates in proper form, unless the United States authorities have controverted and disproved the facts therein stated, and we agree with the court below that this has not been done.

As already stated, the appellees are merchants and sons of merchants. The question of the right of the minor son of a Chinese merchant to enter the United States under the immigration act of 1924 has been certified by this court to the Supreme Court of the United States, and it was stipulated between counsel that the appeal should be heard as to the Chinese merchants, and the case continued as to the other appellees, until the question certified has been answered by the Supreme Court.

The judgment of the court below is therefore affirmed as to the 13 Chinese merchants, and as to the remaining appellees the case is continued until the question certified has been answered by the Supreme Court, or until otherwise ordered by this court.

[2] Since the foregoing opinion was written, the right of the wives and minor children of Chinese merchants to enter the United States has been upheld by the Supreme Court. Cheung Sum Shee v. Nagle, 45 S. Ct. 539, 69 L. Ed. ——, decided May 25, 1925.

The judgment is therefore affirmed in its entirety.