## DANG FOO v. WEEDIN, Immigration Commissioner.

(Circuit Court of Appeals, Ninth Circuit. October 19, 1925.)

No. 4664.

1. Aliens ⬤�age⟩28—Immigration Act held not to impair effect of traveler certificate, or abrogate or destroy existing treaty rights.

Immigration Act of 1924 (Comp. St. Supp. 1925, §§ 4289¾–4289¾nn) does not impair effect of traveler certificate issued pursuant to Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. § 4293), and viséed by consular officer of the United States at port of departure, nor does it abrogate or destroy existing treaty rights.

2. Aliens ⬤⟨age⟩28—Exclusion of alien seeking admission under traveler certificate held improper.

Uncertainty as to duration of alien's stay and as to what he would do while in country, together with some discrepancy in testimony as to his exact financial standing in his own country, held insufficient to warrant exclusion under Immigration Act 1924 (Comp. St. Supp. 1925, §§ 4289¾–4289¾nn), of alien presenting traveler certificate issued under Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. § 4293), and viséed by consular officer of the United States at port of departure.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceeding by Dang Foo against Luther Weedin, as Commissioner of Immigration at the Port of Seattle, Wash. From an order denying the petition for a writ (6 F. [2d] 171), petitioner appeals. Order reversed with directions.

Hugh C. Todd, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for writ of habeas corpus. The appellant applied for admission to the United States, basing his application on a traveler certificate issued pursuant to section 6 of the Act of 1882 (22 Stat. 60), entitled "An act to execute certain treaty stipulations relating to Chinese," as amended by the Act of July 5, 1884 (23 Stat. 116 [Comp. St. § 4293]). The certificate contained all the information required, and was viséed by the consular officer of the United States at the port of departure; that officer certifying that he had made a thorough investigation of the statements contained in the certificate and found them to be in all respects true. The statute provides that the certificate when viséed as required is prima facie evidence of the facts set forth therein, and shall be produced to the Collector of Customs at the port in the district in the United States at which the person named therein shall arrive, and afterward produced to the proper authorities of the United States when lawfully demanded, and shall be the sole evidence permissible on the part of the person producing the same to establish a right of entry into the United States. It is further provided that the certificate may be controverted and the facts therein stated disproved by the United States authorities. The identity of the appellant as the person named in the certificate was conceded, and his right of entry into the United States was therefore fully established, unless the certificate has been controverted and the facts therein stated disproved. In discussing the effect of such a certificate in Liu Hop Fong v. United States, 209 U. S. 453, 463, 28 S. Ct. 576, 579 (52 L. Ed. 888), the court said:

"This certificate is the method which the two countries contracted in the treaty should establish a right of admission of students and others of the excepted class into the United States, and certainly it ought to be entitled to some weight in determining the rights of the one thus admitted. While this certificate may be overcome by proper evidence and

may not have the effect of a judicial determination, yet being made in conformity to the treaty, and upon it the Chinaman having been duly admitted to a residence in this country, he cannot be deported, as in this case, because of wrongfully entering the United States upon a fraudulent certificate, unless there is some competent evidence to overcome the legal effect of the certificate."

The certificate before us states the full name of the appellant; his physical peculiarities; the date of his birth; his height; his former occupation, when pursued, where pursued, and how long pursued; his present occupation, when pursued, where pursued, and how long pursued; his last place of residence; his financial standing in his own country; and the probable duration of his stay in the United States. An examination of the records of the department leaves the exact ground of exclusion in much doubt. In moving that the application for admission be denied, the Chairman of the Board of Special Inquiry said:

"I believe the record will support the holding that this application is based on fraud and that he has not proved his case. It may well be doubted that he has any great part of the resources claimed or that he is entitled to an exempt status."

And in the excluding decision on appeal it was said:

"While the section 6 certificate is controverted to some extent by the applicant's making a different statement concerning his financial standing from that which is recorded thereon, yet, were it not for other features of the case, this might be overlooked as being possibly more apparent than real, and he might be considered admissible under the Chinese Exclusion Act as a traveler, even though he does state that he desires to remain in the United States for a number of years and engage in business. This would scarcely be a controversion of his section 6 certificate, especially in view of the fact that the certificate itself states the duration of his stay in the United States is indefinite."

The decision then refers to certain provisions of the Immigration Act of 1924, and concludes as follows:

"It is not believed that the applicant is a bona fide traveler, and it is recommended that the excluding decision be affirmed."

[1] What the other features thus referred to were, we are not advised, but, if the reference was to the Immigration Act of 1924, we need only say that nothing contained in that act impaired the effect of the certificate in question or abrogated or destroyed existing treaty rights. Cheung Sum Shee v. Nagle, 45 S. Ct. 539, 69 L. Ed. 985, decided by the Supreme Court of the United States May 25, 1925; Weedin v. Wong Tat Hing (C. C. A.) 6 F. (2d) 201.

[2] The facts disclosed upon the hearing were substantially these: The appellant testified that his object in coming to the United States was to investigate commercial conditions in this country, and incidentally to look after the interests of an uncle who had $500 invested in a store in Seattle; that he expected to remain in Seattle only long enough to investigate and look after the interests of his uncle in the store; that while there he would assist the bookkeeper and sell goods, but did not know whether he would receive any compensation for his services or not. The manager of the store was called as a witness by the government and testified that the uncle had an interest in the store as claimed; that the interest was purchased some years before from another Chinese, but that the name of the uncle did not appear on the partnership list; that the witness had been advised by the uncle that the appellant was coming to this country, but for what purpose the witness did not know; and that he would not permit the appellant to examine the books or work in the store. The appellant further testified that his uncle promised to send $500 to another store in Seattle for his use, but the manager of that store was called and testified that the money had not been received, and that he had no knowledge concerning the same.

No other facts were brought out at the hearing which we deem at all material, aside from some discrepancy in the testimony as to the exact financial standing of the appellant in his own country, and some uncertainty as to what he would do while here and how long he would stay, to which reference was made by the department. But we fail to find in the entire record any substantial testimony tending to controvert the certificate or disprove the facts therein stated. The statement of the appellant as to what he intended to do or would do in the store in Seattle was manifestly a mere expression of opinion on his part, as what he did there or was permitted to do, depended wholly upon the will of others, and such work as he intended to do, if permitted, did not manifest an intention on his part to become a laborer or violate any of the provisions of the exclusion laws. Again, whether the uncle promised to send $500 to Seattle or not, and whether it was received or not, would seem to have no material bearing upon the

case, as the appellant had in his possession upwards of $1,000 to defray his expenses and was no doubt a man of very considerable means, regardless of the discrepancy in the testimony as to his exact financial standing in his own country. It will be remembered too that the appellant was excluded at a time when, in the opinion of the department, the Immigration Act of 1924 practically abrogated and destroyed all rights conferred by the certificate in question. Cheung Sum Shee v. Nagle, supra; Weedin v. Wong Tat Hing, supra. How far the excluding decision may have been controlled by this latter consideration we do not know, but, in any event, we find no substantial testimony in the record tending to controvert or disprove the facts set forth in the certificate. This much the department practically conceded. See Wong Yee Toon v. Stump, 233 F. 194, 147 C. C. A. 200; Moy Kong Chiu v. United States, 246 F. 94, 158 C. C. A. 320; Ex parte Hor Yuk Sang (D. C.) 251 F. 403.

For these reasons the appellant was not accorded a fair hearing, and the order of the court below is reversed, with directions to issue the writ as prayed.