**JEU JO WAN v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. December 7, 1925.)

No. 4677.

**1. Aliens ⬯21—Immigration Act of 1924 abrogates all laws, conventions, and treaties inconsistent therewith, except treaty rights of alien merchants.**

Immigration Act May 26, 1924, §§ 25, 28 (Comp. St. Supp. 1925, §§ 4289¾ll, 4289¾m), abrogates all laws, conventions, and treaties relating to immigration, exclusion, or expulsion of aliens inconsistent therewith, except those relating to aliens entitled to enter solely to carry on trade under existing treaties of commerce and navigation, under section 3, subd. 6 (Comp. St. Supp. 1925, § 4289¾aa).

**2. Statutes ⬯217—Where federal statute is not ambiguous, courts may not examine proceedings in Congress.**

Immigration Act May 26, 1924 (Comp. St. Supp. 1925, §§ 4289¾–4289¾nn), is free from ambiguity, and therefore courts may not examine proceedings in Congress.

**3. Aliens ⬯28—Chinese, holding teacher's certificate, held not entitled to enter United States as "professor of a college, academy, seminary, or university."**

Certificate issued to Chinese, under Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. § 4293), reciting that holder has been teacher for four years, does not entitle holder to admission to United States as "a professor of a collage, academy, seminary, or university," under Immigration Act May 26, 1924, § 4, subd. (d), being Comp. St. Supp. 1925, § 4289¾b.

**4. Aliens ⬯23(1)—Chinese teacher held not entitled to enter United States as person engaged in "trade."**

Chinese teacher is not entitled to enter United States as person engaged in "trade," within Immigration Act May 26, 1924, § 3, subd. 6 (Comp. St. Supp. 1925, § 4289¾aa), especially as term "trade" is used in connection with commerce and navigation in statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trade.]

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition for habeas corpus by Jeu Jo Wan against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. Writ denied, and petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant applied for admission to the United States, basing his application on a teacher certificate issued pursuant to section 6 of the Act of May 6, 1882 (22 Stat. 60), entitled "An act to execute certain treaty stipulations relating to Chinese," as amended by the Act of July 5, 1884 (23 Stat. 116 [Comp. St. § 4293]). The certificate states, among other things, that the present occupation of the appellant is that of teacher, and that he had pursued that occupation for about four years. This was no doubt ample and sufficient under the treaty and exclusion laws, but it seems equally clear that it is deficient under the Immigration Act of 1924 (Comp. St. Supp. 1925, §§ 4289¾–4289¾nn), for reasons hereinafter stated. [1] The appellant contends, first, that the exclusion laws and treaty rights were not abrogated or changed by the Immigration Act of 1924; and, second, that in any event he is entitled to admission under the provisions of the latter act. We are unable to agree with either contention. Section 25 of the Immigration Act of 1924 (section 4289¾ll) provides that the provisions of that act are in addition to, and not in substitution for, the provisions of the immigration laws, and shall be enforced as a part of such laws; that an alien, although admissible under the provisions of the Immigration Act of 1924, shall not be admitted to the United States if he is excluded by any of the provisions of the immigration laws other than the act of 1924; and that an alien, although admissible under the provisions of the immigration laws other than the act of 1924, shall not be admitted if he is excluded by any provision of the latter act. Section 28 provides (Comp. St. Supp. 1925, § 4289¾m) that the term "immigration laws" includes the Immigration Act of 1917, the Immigration Act of 1924, and all laws, conventions, and treaties of the United States relating to the immigration, exclusion or expulsion of aliens. It will thus be seen that the Immigration Act of 1924 abrogates all laws, conventions, and treaties relating to the immigration, exclusion, or expulsion of aliens, inconsistent with its provisions, and that the only treaty rights preserved are those relating to aliens entitled to enter the United States solely to carry on trade under and in pursuance of the

provisions of a present existing treaty of commerce and navigation.

[2] The terms of the act are free from ambiguity, and in such cases the courts are not at liberty to resort to or examine the proceedings in Congress. But, if we refer to the report of the committee on immigration and naturalization of the House of Representatives, the reference does not aid the appellant. The Secretary of State suggested an exemption in favor of aliens entitled to enter the United States under the provisions of a treaty, or an existing treaty, but the suggestion was not adopted. In lieu thereof the committee reported, and Congress enacted, the provision found in subdivision 6 of section 3 (Comp. St. Supp. 1925, § 4289¾aa), which contains the following exemption only: "An alien entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation."

[3] The provision thus enacted is narrower than the one suggested by the Secretary of State, and it seems quite manifest that Congress refused to exempt from the provisions of the Immigration Act all those who were theretofore entitled to admission under treaty stipulations. If we are correct in this conclusion, the rights of the appellant must be measured by the Immigration Act of 1924, and there are only two provisions of that act under which he makes any claim. The one is the provision already quoted, and the other is subdivision (d) of section 4 (Comp. St. Supp. 1925, § 4289¾b), which provides that a nonquota immigrant means: "An immigrant who continuously for at least two years immediately preceding the time of his application for admission to the United States has been, and who seeks to enter the United States solely for the purpose of, carrying on the vocation of * * * professor of a college, academy, seminary, or university." The section 6 certificate now in question fails to show that the appellant belongs to this latter class, and the proof shows very clearly that he does not.

[4] It only remains to consider, then, whether a teacher is entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation, or, in other words, whether a teacher carries on or is engaged in trade.

A teacher is defined by Webster as "one who teaches or instructs; especially, one whose business or occupation is to teach others; an instructor; preceptor."

The word "trade" is defined by the same authority as "to engage in commerce or business transactions of bargain and sale; barter; exchange; traffic; hence; to deal in something."

"Commerce" is defined as "the exchange of goods, productions, or property of any kind; especially, exchange on a large scale, as between states or nations."

"The word 'trade,' in its broadest signification, includes, not only the business of exchanging commodities by barter, but the business of buying and selling for money, or commerce and traffic generally." May v. Sloan, 101 U. S. 231, 237, 25 L. Ed. 797. See, also, Toxaway Hotel Co. v. Smathers, 216 U. S. 439, 30 S. Ct. 263, 54 L. Ed. 558; National League, etc., v. Federal Baseball Club, 50 App. D. C. 165, 269 F. 681.

But even this definition is not broad enough to include a mere teacher, especially when the term "trade" is used in connection with commerce and navigation. Article 2 of the Treaty of November 17, 1880 (22 Stat. 827), provides:

"Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."

Of the four classes thus mentioned it is quite apparent that the merchant alone carries on trade as that term is generally understood. This construction of the Immigration Act is not in conflict with the decisions in Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985, Weedin v. Wong Tat Hing (C. C. A.) 6 F. (2d) 201, and Dang Foo v. Weedin, 8 F. (2d) 221, decided by this court on October 19, 1925, as claimed. It was held in these cases that the Immigration Act of 1924 does not exclude merchants and their families, or travelers, and this for the reason that no provision of that act is in direct conflict with the treaty rights of the classes just mentioned.

But this is not true as to teachers. The act of 1924, to some extent, circumscribes and limits the rights of students to be admitted, and limits the rights of teachers to professors of colleges, academies, semi-

naries, or universities, who carried on their vocations continuously for at least two years immediately preceding the date of application for admission, and who seek to enter the United States solely for the purpose of carrying on that vocation; and if any teacher is admissible under the act of 1924, as claimed by the appellant, there was no need for a special provision for the limited class mentioned in subdivision (d) of section 4.

For these reasons we are of opinion that the rights of the appellant are controlled and limited by the Immigration Act of 1924, and that he is not entitled to admission under the provisions of that act.

The order of the court below is therefore affirmed.