## WEEDIN, Commissioner of Immigration, v. TSO YUE.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

No. 4663.

**1. Aliens ☞32(8).**

Discrepancy between testimony of Chinese applicant for admission under merchant certificate and age of applicant given in certificate *held* immaterial; applicant's identity not being denied.

**2. Aliens ☞32(8).**

Discrepancy between Chinese applicant's testimony and merchant certificate as to amount invested by applicant in business *held* immaterial; applicant having more than $2,000 on his person.

**3. Aliens ☞28.**

That precis attached to Chinese merchant certificate gave as reference member of firm in Chicago, whom applicant testified was member of his firm in Hongkong, *held* insufficient to impair effect of consular certificate and warrant exclusion.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceeding by Tso Yue against Luther Weedin, as Commissioner of Immigration at the Port of Seattle, Wash. From an order discharging petitioner, the Commissioner of Immigration appeals. Affirmed.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Paul W. Houser and E. C. Million, both of Seattle, Wash., for appellee.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. This is an appeal by the Commissioner of Immigration from an order discharging the appellee on habeas corpus. The application for admission was based on a section 6 merchant certificate issued by the consular representative of the United States at the port of departure. The certificate itself was in due form, and the identity of the appellee as the person therein named was fully established. The immigration authorities denied admission, however, upon two grounds: First, because the exempt status was not established; and, second, because the admission of the appellee was forbidden by section 13c of the Immigration Act of 1924 (Comp. St. § 4289¾ff).

The latter ground was not pressed on the argument, in view of the decisions of this court in Weedin v. Wong Tat Hing (C. C. A.) 6 F.(2d) 201, Weedin v. Loi Han (C. C. A.) 6 F.(2d) 203, and Dang Foo v. Weedin (C. C. A.) 8 F.(2d) 221. So that, unless the consular certificate was successfully controverted, or the facts therein stated disproved, the order of the court below should be affirmed.

It is contended by the government that the certificate was controverted by reason of certain discrepancies in the testimony of the appellee and certain contradictions of the testimony given by him. First, there was a discrepancy of about a year between the age of the appellee as given in the certificate and as stated by him on the hearing; second, there was a discrepancy in the amount invested in the business in Hongkong, the certificate giving the amount in gold, whereas the appellee gave the same amount, but in Hongkong currency; and, third, the precis attached to the certificate gave as a reference in the United States Tso Cheung Yew, of Wing Yuen Lung Company, No. 156 Twenty-Second street, Chicago, Ill., while the appellee testified that Tso Cheung Yew was a member of his firm in Hongkong. It is further contended that the appellee first stated that he did not know Wing Yuen Lung, but from the form of the question we are convinced that the witness understood the reference to be to an individual, and not to a firm, and was justified in so doing.

[1, 2] The discrepancy as to the age would seem immaterial, in view of the fact that there was no contention that the certificate was not issued to the appellee or that he was not the person therein named. The discrepancy as to the amount invested would likewise seem immaterial, as the appellee had upwards of $2,000 on his person and could be a merchant in either case.

[3] No attempt was made to explain the mistake in the reference to Tso Cheung Yew in Chicago, and how it occurred we do not know. Collateral to the certificate, the appellee testified that his firm in Hongkong had made certain shipments of rice to two different points in the United States, whereas the reports of immigrant inspectors and testimony taken at these points would seem to indicate that no such shipments were in fact made. There were, no doubt, such discrepancies in the testimony as would have warranted the department in denying admission, if the right to admission depended solely upon the testimony of the appellee

himself; but testimony which tended to weaken or impair the effect of his testimony would not necessarily tend to destroy or impair the effect of the consular certificate. Dang Foo v. Weedin, supra.

From an examination of the record, we are inclined to agree with the court below that the certificate has not been successfully controverted, or the facts therein stated disproved, and the order is therefore affirmed.