Ex parte WONG GAR WAH. *

WONG GAR WAH v. CARR, District Director
United States Immigration Service.

(Circuit Court of Appeals, Ninth Circuit.
March 28, 1927.)

No. 4983.

1. Aliens ⬅28—Chinese person, holding trav-
eler's certificate entitling him to remain in
United States one year, held not entitled to
remain thereafter as merchant (Immigration
Act 1924, §§ 3, 14, 15, 24 [Comp. St. §§
4289¾aa, 4289¾g, 4289¾gg, 4289¾l];
Comp. St. § 4293).

Under Immigration Act 1924, §§ 3, 14, 15,
24 (Comp. St. §§ 4289¾aa, 4289¾g, 4289¾gg,
4289¾l), Chinese person admitted to United
States for one year as traveler under certifi-
cate issued under Act May 6, 1882, § 6, as
amended by Act July 5, 1884 (Comp. St. §
4293), which contained blanks to be filled in, in
case applicant is merchant, but which were not
filled in, and bearing indorsement, "Nonimmi-
grant under § 3 (2) of Act of 1924, temporary
visitor," *held* not entitled to remain in United
States as merchant after temporary rights un-
der traveling certificate expired.

2. Treaties ⬅11—Act of Congress prevails
over prior treaty in direct conflict therewith.

Act of Congress prevails over prior treaty
in direct conflict therewith.

Appeal from the District Court of the
United States for the Southern Division of
the Southern District of California; Wil-
liam P. James, Judge.

Petition for habeas corpus by Wong Gar
Wah against Walter E. Carr, District Di-
rector United States Immigration Service,
Los Angeles, Cal. Writ denied, and peti-
tioner appeals. Affirmed.

Joseph P. Fallon, of San Francisco, Cal.,
and Hugh C. Todd, of Seattle, Wash., for
appellant.

Samuel W. McNabb, U. S. Atty., of Los
Angeles, Cal., and Emmett E. Doherty, Asst.
U. S. Atty., of Los Angeles, Cal., for appel-
lee.

Before GILBERT, RUDKIN, and DIE-
TRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an ap-
peal from an order denying a petition for
a writ of habeas corpus.

Section 6 of the Act of July 5, 1884 (23
Stat. 115 [Comp. St. § 4293]), provides that
every Chinese person, other than a laborer,
who may be entitled to come within the Unit-
ed States, and who shall be about to come to
the United States, shall obtain the permis-
sion of, and be identified as so entitled by
the Chinese government, or of such other
government of which at the time such Chi-

*Rehearing denied May 2, 1927.

nese person shall be a subject, in each case
to be evidenced by a certificate issued by
such government, which certificate shall be
in the English language, and shall show such
permission, with the name of the permitted
person in his or her proper signature, and
which certificate shall state the individual,
family, and tribal name in full, title or offi-
cial rank, if any, the age, height, and all
physical peculiarities, former and present oc-
cupation or profession, when and where and
how long pursued, and place of actual resi-
dence of the person to whom the certificate
is issued, and that such person is entitled by
the act to come within the United States,
and:

"If the person so applying for a certifi-
cate shall be a merchant, said certificate shall,
in addition to above requirements, state the
nature, character, and estimated value of the
business carried on by him prior to and at
the time of his application as aforesaid.
* * *

"If the certificate be sought for the pur-
pose of travel for curiosity, it shall also state
whether the applicant intends to pass
through or travel within the United States,
together with his financial standing in the
country from which such certificate is de-
sired."

It is further provided that the certificate
properly viseed shall be prima facie evi-
dence of the facts therein set forth, and shall
be produced to the Chinese inspector in
charge of the port in the district in the
United States at which the person named
therein shall arrive, and afterward produced
to the proper authorities of the United States
whenever lawfully demanded, and shall be
the sole evidence permissible on the part of
the person so producing the same to estab-
lish a right of entry into the United States.

Section 3 of the Immigration Act of 1924
(Comp. St. § 4289¾aa), defines "immigrant"
to mean any alien departing from any place
outside of the United States destined for the
United States, except "(2) an alien visiting
the United States temporarily as a tourist or
temporarily for business or pleasure." Sec-
tion 14 (Comp. St. § 4289¾g) provides that
any alien who at any time after entering
the United States is found to have been at
the time of entry not entitled under the act
to enter the United States, or to have re-
mained therein for a longer time than per-
mitted under the act or regulations made
thereunder, shall be taken into custody and
deported in the same manner as provided for
in sections 19 and 20 of the Immigration
Act of 1917 (Comp. St. §§ 4289¼jj,

4289¼k). Section 15 (Comp. St. § 4289⅜gg) provides that the admission to the United States of an alien excepted from the classes of immigrants by clause 2 of section 3 shall be for such time as may be by regulations prescribed, and under such conditions as may be by regulations prescribed, including, when deemed necessary for the classes mentioned in clause 2 of section 3, the giving of a bond with sufficient surety, in such sum and containing such conditions as may be by regulations prescribed to insure that, at the expiration of such time or upon failure to maintain the status under which admitted he will depart from the United States. Section 24 (Comp. St. § 4289¾l) provides that the Commissioner General, with the approval of the Secretary of Labor, shall prescribe rules and regulations for the enforcement of the provisions of the act. The regulations promulgated pursuant to the authority thus conferred provide:

"In cases where an alien is possessed of a document which has been viséed by the consular office on the basis of a claim that such alien is a nonimmigrant under subdivision 2 of section 3 of the Immigration Act of 1924, and is visiting the United States temporarily as a tourist, or temporarily for business or pleasure, and the examining officer is satisfied beyond a doubt of the applicant's status, he may temporarily admit such alien, if otherwise admissible, for a reasonable fixed period on condition that such alien shall maintain such status of a nonimmigrant during his temporary stay in the United States and voluntarily depart therefrom at the expiration of the time fixed and allowed."

They further provide that, where the examining officer is in doubt as to the claimed status of the alien as a nonimmigrant under subdivision 2 of section 3, such alien shall be held for examination in relation thereto by a board of special inquiry, which board may temporarily admit such alien, if otherwise admissible, for a reasonable fixed period, on condition that such alien shall maintain such status of a nonimmigrant during his temporary stay in the United States and voluntarily depart therefrom at the expiration of the time allowed, provided that such board may as a condition precedent to such temporary admission exact bond in the sum of $500 conditioned that the alien shall maintain such status as a nonimmigrant during his stay in the United States and shall voluntarily depart therefrom at the expiration of the time fixed.

[1] The appellant was admitted to the United States on December 3, 1924, for a period of one year, as a traveler, under a section 6 certificate issued pursuant to the Act of July 5, 1884, upon giving bond in the sum of $500, conditioned as required by the above regulations. The certificate contains the name of the bearer, his physical peculiarities, the date of his birth, his height, his present and former occupation, when and where pursued, for how long, and his last place of residence. It does not state, however, the nature, character, and estimated value of the business carried on by him prior to and at the time of his application to enter, as required by the statute. The certificate also contains blanks to be filled in, in case the applicant is a merchant, setting forth the title of present mercantile business, the location of mercantile business, how long the business has been pursued, the amount invested in the business, in gold, the present estimated value of the business, and the specific character of the merchandise handled in the business, but none of these blanks were filled in. The certificate likewise contains further blanks to be filled in, in case the applicant is a traveler, stating his financial standing in his own country, and the probable duration of his stay in the United States. These blanks were filled in, the certificate stating that his financial standing in his own country was $30,000, and his stay in the United States indefinite. And, finally, the certificate bore the indorsement, "Nonimmigrant under section 3(2) of Act of 1924, temporary visitor."

From the foregoing statement it seems quite apparent that the appellant is in the country without right. As a merchant, the certificate is made the sole evidence of his right to enter or remain, and he has no such certificate. On the other hand, such temporary rights as he acquired by the traveler certificate have long since expired by lapse of time and he is subject to deportation under the express provisions of section 14 of the Immigration Act of 1924.

[2] On the argument there was some discussion of treaty rights, but when a treaty comes in direct conflict with a later act of Congress, the latter will prevail. Jeu Jo Wan v. Nagle (C. C. A.) 9 F.(2d) 309.

The order is affirmed.