DANG FOO v. DAY, Commissioner of Immigration.

No. 385.

Circuit Court of Appeals, Second Circuit.
Argued May 5, 1931.
Decided June 1, 1931.

SWAN, Circuit Judge, dissenting.

James C. Thomas, of New York City (A. Warner Parker, of Washington, D. C., of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant, a citizen of China, arrived at the port of Seattle with a certificate of his government describing him as a traveler coming to the United States for an indefinite stay, issued under article 2 of the Treaty with China of 1880 (22 Stat. 826, 827), and in pursuance of section 6 of the Chinese Exclusion Act of May 6, 1882, as amended by the Act of July 5, 1884 (22 Stat. 58, 23 Stat. 115 [8 USCA § 265]). These are acts to execute treaty stipulations relative to Chinese. The certificate was viséed by the consular office of the United States as required by section 6 of the Chinese Exclusion Act. It bore, indorsed upon its back, a visé issued by the American consul pursuant to the second clause of section 3 of the Immigration Act of May 26, 1924 (43 Stat. 154 [8 USCA § 203]), in which the holder was described as a nonimmigrant and classed as a temporary visitor. His exclusion by the Immigration Board at Seattle was affirmed by the District Court [Ex parte Dang Foo, 6 F.(2d) 171], but reversed by the Circuit Court of Appeals for the Ninth Circuit [Dang Foo v. Weedin, 8 F.(2d) 221]. The order entered on the mandate, November 25, 1925, reads:

"Dang Foo, is entitled to be admitted to the United States from China as a Chinese exempt, with all of the rights given to him by the Section Six Certificate which was issued to him by the Chinese government under the Chinese Exclusion Laws and the Treaty of Trade and Commerce between China and the United States, which said certificate is on file herein; and he is hereby ordered discharged from the further custody and control of the United States Commissioner of Immigration at Seattle, Washington and the Department of Labor, and likewise discharged from the further custody and control of this Court; and it is hereby further ordered that the said Section Six Certificate, when withdrawn from the files herein, shall be returned to said petitioner."

Appellant was thereupon admitted to the United States, and the immigration inspector at Seattle wrote on the face of the section six certificate, "Admitted at Seattle, Wash. Nov. 16, 1925 as a Sec. 6 traveler."

He alleged that he came to the United States to investigate commercial conditions in this country before determining whether he would engage in business here and remain indefinitely, and claims that he was entitled to carry out the purposes for which he came. After investigation, he embarked in business as a merchant in the city of New York, in July, 1926, and became active in such business. His business consisted of importing merchandise from China. In August, 1928, intending to go to China on business, he submitted an application for a re-entry permit as a lawfully domiciled Chinese merchant. It was denied. Relying on the advice of others, he submitted to the Department, in March, 1929, an application for "extension of temporary admission." This was granted by the immigration officials, but, as a condition, he was required to give a bond of $1,000, conditioned for his departure from the United States on or before October 1, 1929. The bond was furnished and a Liberty bond deposited as collateral with the Commissioner of Immigration at Ellis Island, N. Y. On December 16, 1929, the Department gave appellant instructions that he should furnish proof of his departure before January 1, 1930, or suffer a forfeiture of the bond. Thereupon this suit was brought seeking to obtain a return of the bond and forbidding its forfeiture, upon the claim that the appellant was lawfully here as a treaty merchant.

Article 2 of the Treaty of 1880 with China provides that "Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."

Under section 6 of the Acts of 1882 and 1884 (8 USCA § 265), a certificate is provided for merchants or travelers, to be properly viséed or approved by an American consul, and is sufficient evidence on which, no matter of which class the Chinese may be a member, to admit him into the United States at the port of arrival. By the same section, the certificate is made the evidence thereof to be produced "to the proper authorities of the United States whenever lawfully demanded," and this production is for the purpose of proving that the holder has been lawfully ad-

mitted and is entitled to remain in the United States.

Prior to the Immigration Act of 1924 (43 Stat. 153), a treaty exempt Chinese might, after entry, become a laborer without being subject to deportation. It should not alter his position that he changes to another exempt classification. Lui Hip Chin v. Plummer, 238 F. 763 (C. C. A. 9); Louie Dai v. United States, 238 F. 68 (C. C. A. 3); Lo Hop v. United States, 257 F. 489 (C. C. A. 6); In re Yew Bing Hi, 128 F. 319 (D. C. Dist. Mass.). The Supreme Court held that the 1880 treaty provisions, as to the merchant class and their families, is still in force, and the reason given is the reluctance to interpret an act of Congress as abrogating a treaty; also that section 3 (6) of the Act of 1924 (8 USCA § 203 (6) specifically provides for their admission as treaty merchants. Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985.

Article 2 of the Treaty includes, as well as merchants, those proceeding to the United States "from curiosity." Section 3 (6) of the 1924 Immigration Act includes only the treaty merchants. It would appear that the exclusion of others was intentional. House Report on Restriction of Immigration, Sixty-Eighth Congress, First Session, No. 350. Section 3 (2) of the Immigration Act of 1924 (8 USCA § 203 (2)) applies to travelers and admits them temporarily for pleasure or business. And in Ex parte Wong Gar Wah, 18 F.(2d) 250 (C. C. A. 9), it was held that, where a Chinese with a section six certificate was admitted temporarily under section 3 (2) of the Act of 1924, he might be deported though he later became a merchant. The certificate gives him only temporary rights, and, under section 6, he must give a certificate as a merchant if he claims to be such. The same court held in Weedin v. Wong Tat Hing, 6 F.(2d) 201, and Dang Foo v. Weedin, 8 F. (2d) 221, that the effect of a section six certificate remains unimpaired by the 1924 act, as proof prima facie of the facts therein stated.

The order of discharge of appellant at Seattle above referred to places him in the non-immigrant class, and he was admitted for an indefinite time. The certificate referred to him as a traveler, and it was indorsed by the vice consul as a temporary visitor, a non-immigrant under section 3 (2) of the act of 1924. In the decision by the Circuit Court of Appeals for the Ninth Circuit in Dang Foo v. Weedin, supra, the court reversed on the ground that he had not had a fair hearing.

The court held that his certificate under section 6 provided for his entry into the United States for an indefinite stay, which might mean days or years according as his plans required. In entering the order on the mandate, no limitation or condition was placed on the admission. He was granted an unconditional admission by that order. There was no requirement of a bond. The department has taken the position that the Immigration Act of 1924 applies to Dang Foo and abrogated the treaty provisions which would otherwise apply. The Court of Appeals said that, if the reference to "other features" found in the Department decision "was to the Immigration Act of 1924, we need only say that nothing contained in that act impaired the effect of the certificate in question or abrogated or destroyed existing treaty rights." 8 F.(2d) 221, 222.

In Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985, the Supreme Court, quoting from the treaty, held that, under article 2 of the Chinese Treaty, those proceeding to the United States as teachers, students, merchants, or from curiosity are allowed to go and come of their own free will and accord, and are accorded the rights, privileges, immunities, and exemptions of citizens and subjects of the most favored nation. In that case, the court was dealing with the wife and minor children of a Chinese merchant. But a person "proceeding * * * from curiosity," which would include a traveler, is embraced within the same disposition. In Weedin v. Wong Tat Hing, 6 F.(2d) 201 (C. C. A. 9), the court said that the certificate prescribed by section 6 of the Act of 1884 was the sole evidence permissible for a Chinese merchant to establish his right of entry. And in Jeu Jo Wan v. Nagle, 9 F.(2d) 309, 310 (C. C. A. 9), the court excluded a teacher because he presented no evidence of being a teacher as the term is defined in detail in section 4 of the Immigration Act of 1924 (8 USCA § 204). But the court said: "This construction of the Immigration Act is not in conflict with the decisions in Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985, Weedin v. Wong Tat Hing (C. C. A.) 6 F.(2d) 201, and Dang Foo v. Weedin, 8 F.(2d) 221, decided by this court on October 19, 1925, as claimed. It was held in these cases that the Immigration Act of 1924 does not exclude merchants and their families, or travelers, and this for the reason that no provision of that act is in direct conflict with the treaty rights of the classes just mentioned."

Section 6 provides that, "if the certificate be sought for the purpose of travel for curiosity, it shall also state whether the applicant intends to pass through or travel within the United States, together with his financial standing in the country from which such certificate is desired." This would seem to contemplate that certificates of limited effect would be granted and information must be given as to the material factor, to wit, financial standing of the traveler. But it is clear that the release granted to the appellant by the order of the District Court, entered upon the mandate of the Circuit Court of Appeals, did not admit him as a temporary visitor only. No period of his allowed stay was fixed at the time of his admission by either court or the immigration officials.

Appellant having entered as a non-immigrant traveler for an indefinite stay and having changed his occupation to that of a merchant, the Department of Labor was without authority to exact a bond conditioned on his departure from the United States at the time specified. The effect of the order of the court was to provide that Dang Foo should be absolutely released from further custody and control of the immigration officials or of the Department of Labor.

There was nothing to forbid his changing his status to that of a merchant. Non-immigrants, by the plain language of the statute, are entirely outside the general purposes of the law establishing quotas for immigrants, and there was nothing to forbid a member of any one of the six non-immigrant classes to become a member of any other one of such six classes. He came as a traveler or visitor, which kept him out of the general purposes and scope of the quota law, and, after being admitted as a traveler, he became a merchant, and in doing this remained as a non-immigrant, and was still without the scope of the quota law. Under these circumstances, a bond should not have been required as long as he remained here and was not otherwise deported. This construction will keep the provisions of the 1924 act in harmony with the treaty.

Section 15 of the Immigration Act (8 USCA § 215), permitting a bond to be exacted in cases of temporary visitors to insure their return at the expiration of the temporary period of admission or upon failure to maintain the status under which admitted, has no application to this appellant. The bond, now statutorily provided, has for its purpose insuring that a person, admitted as a non-immigrant (classes of which are described in section 3 of the 1924 act), shall maintain his status here as a non-immigrant, and obviously, so long as he does maintain that status and does not, by the adoption of an inhibited occupation or otherwise, become an immigrant, there can be no reason for requiring him to leave the country, for he is here under those circumstances not in excess of any quota allotted to any country by the statute or otherwise in derogation of any substantial purpose of the Legislature. This is not in conflict with the Chinese treaty. A Chinese or other alien who might enter as a temporary visitor and who has no intention of becoming, while here, a member of any one of the six classes of non-immigrants entitled to remain longer, can be required to give a bond for his departure after completing a reasonable visit, if any reasonable doubt existed as to the bona fides of his express intention; while the alien who came as a temporary visitor and who expressed the intention to shift or later shifted into one of the other exempt classes, as, by becoming a merchant, would be allowed to remain as long as he maintained his exempt status as a non-immigrant treaty merchant. Thus the treaty would be effective and the 1924 Immigration Law applied to its fullest extent, accomplishing its purposes. The courts held, in the Cheung Sum Shee Case and the Wong Tat Hing Case, supra, that, with respect to the mercantile class, the provisions of the act and the treaty are harmonious regarding the exempt classes of Chinese.

The bond was unlawfully exacted and the appellant has been notified that it will be forfeited and covered into the Treasury of the United States. Under these circumstances, it is proper for a court of equity to intervene and enjoin the appropriation for the benefit of the United States of the proceeds of the Liberty bond herein involved and that the Commissioner be enjoined from such action.

Order reversed.

SWAN, Circuit Judge (dissenting).

The appellant, Dang Foo, applied for admission on a certificate which described him as a "traveler" coming for an "indefinite stay." He was admitted pursuant to court order. Dang Foo v. Weedin, 8 F.(2d) 221 (C. C. A. 9). But in my opinion this gave him no greater or different rights than he would have had if the immigration officials had never questioned his eligibility to enter. In July, 1926, he ceased to be a "traveler"

and engaged in business in the city of New York. He contends that he thereby became a "merchant" within the meaning of that term as used in the treaty with China. I think not, for the treaty, as construed by the section 6 of the Chinese Exclusion Act of 1882, as amended by the Act of July 5, 1884 (8 USCA § 265), contemplates that the Chinese who enters as a merchant should be a merchant in China before he comes here, as is indicated by the disclosure required to be made in a section 6 certificate. But, in any event, Dang Foo entered as a traveler, not as a treaty merchant.

The Immigration Act of 1924 is broad enough in terms, and has been assumed by Department rules, to apply to Chinese. See Rules of October 1, 1926, governing the admission of Chinese, Rules 2 and 18. I think it does so apply, although it must be construed, if possible, so as not to conflict with treaty obligations. Cheung Sum Shee v. Nagle, 268 U. S. 336, 345, 45 S. Ct. 539, 69 L. Ed. 985; Jeu Jo Wan v. Nagle, 9 F.(2d) 309 (C. C. A. 9). Clauses (2) and (6) of section 3 of the Immigration Act of 1924, 8 USCA § 203 (2) and (6), classify as non-immigrants temporary visitors and traders entitled to enter under a treaty, and other provisions of the act permit the entry of such non-immigrants. Section 3 (6) does not apply to Dang Foo for reason already stated. Section 3 (2) does apply to him, for a traveler is necessarily a temporary visitor, unless we are to say that the Immigration Act of 1924 does not apply to Chinese at all—a contention which is clearly impossible when, as here in respect to section 3 (2), there is no conflict between the statute and the treaty. See Chang Chan v. Nagle, 268 U. S. 346, 45 S. Ct. 540, 69 L. Ed. 988. Section 15 of the Immigration Act (8 USCA § 215) imposes limitations upon the length of stay allowed to temporary visitors as defined in section 3 (2). If this be applied to Chinese travelers, it will reduce the "indefinite stay" formerly permitted them under the treaty; but I see no escape from giving it that effect, nor, indeed, any reason for supposing that Congress intended to treat Chinese travelers more favorably than tourists of other nationality. This was the construction adopted in Ex parte Wong Gar Wah, 18 F.(2d) 250 (C. C. A. 9), certiorari denied 275 U. S. 529, 48 S. Ct. 21, 72 L. Ed. 409. I agree with it. Believing that Dang Foo was deportable under the Immigration Act of 1924, I think the order appealed from should be affirmed.