## UNITED STATES ex rel. TO MING v. COMMISSIONER OF IMMIGRATION et al.

District Court, S. D. New York.

Aug. 12, 1931.

James C. Thomas, of New York City, for relator.

George Z. Medalie, U. S. Atty., of New York City (Maurice De Koven, of New York City, of counsel), for respondent.

PATTERSON, District Judge.

This is a writ of habeas corpus calling for the review of an order of deportation made by the Secretary of Labor.

To Ming is of the Chinese race. He came to the United States in December, 1924, having with him the merchant's certificate required by section 6 of the Act of May 6, 1882, as amended (8 USCA § 265). He was examined and admitted under bond as "an alien entitled to enter the United States solely to carry on trade under and in pursuance of the provision of a present existing treaty of commerce and navigation" (Act May 26, 1924, § 3 (6), 8 USCA § 203 (6).

In April, 1931, he was arrested and brought before an inspector on the charge of having failed to maintain his status as merchant and being a Chinese laborer. Hearings were held. As a result the inspector decided that To Ming had become a laborer and recommended that he be deported. The Board of Review came to the same conclusion, and a warrant of deportation was accordingly issued.

I have read the record in the case, and I cannot say that the finding by the Board to the effect that the relator had become a laborer by working in a laundry and also in restaurants was without substantial evidence to support it. The admission of statements made by the relator to the inspector prior to the issuance of a warrant of arrest did not render the hearing unfair or deprive the relator of due process of law. Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221. Indeed, the relator has all along conceded that he was the proprietor of a laundry when arrested; the only disputed fact was whether he did manual work in the laundry. This concession of proprietorship makes him a laborer and not a merchant, within the definitions given in section 2 of the Act of November 3, 1893 (8 USCA § 289). Yee Won v. White (C. C. A.) 258 F. 792, affirmed 256 U. S. 399, 41 S. Ct. 504, 65 L. Ed. 1012; In re Leung (C. C. A.) 86 F. 303. But, as already indicated, I believe that there is sufficient evidence in the record

to warrant the finding that the relator not only owned the laundry but also worked in it.

The only question in the case is one of law—whether the relator is deportable on account of having abandoned his exempt status as a merchant and having become a laborer. Prior to the Immigration Act of 1924 (8 USCA § 201 et seq.), a Chinese person who lawfully entered the country as a merchant might thereafter become a laborer without becoming subject to deportation. This rule had been laid down in many cases. Some of the authorities are cited in Dang Foo v. Day (C. C. A.) 50 F.(2d) 116, 118. But the 1924 act seems to have ended this curious state of affairs. Although the act does not expressly mention Chinese and some of its provisions, for example those as to quotas, cannot have a practical operation in respect to Chinese, there can be no doubt that the act as a whole applies to Chinese. Section 25 makes this quite evident, as does also section 28 (e) and (g), 8 USCA § 223, and § 224 (e) and (f). Jeu Jo Wan v. Nagle (C. C. A.) 9 F.(2d) 309. In the present case the relator's entry was after the effective date of the 1924 Act.

In section 3 (6) of the 1924 act (8 USCA § 203 (6), certain incoming aliens were given a nonimmigrant status. These included several classes of persons here only temporarily, and the sixth class covered aliens "entitled to enter the United States solely to carry on trade under and in pursuance of the provision of a present existing treaty of commerce and navigation." This clearly was designed to authorize the admission of Chinese merchants. The record here shows that To Ming himself was admitted as belonging in this category.

Section 15 of the act (8 USCA § 215) provides: "The admission to the United States of an alien excepted from the class of immigrants by clause (2), (3), (4), (5), or (6) of section 203 * * * shall be for such time as may be by regulations prescribed, and under such conditions as may be by regulations prescribed (including, when deemed necessary for the classes mentioned in clause (2), (3), (4), or (6) of section 203, the giving of bond with sufficient surety, in such sum and containing such conditions as may be by regulations prescribed) to insure that, at the expiration of such time or upon failure to maintain the status under which admitted, he will depart from the United States."

This section says in so many words that the admission of a Chinese merchant shall be only for such period of time as he shall maintain that status. Rule 18 of the rules governing admission of Chinese declares that persons admitted under section 3 (6) who fail to maintain the status under which admitted shall be deported. This rule is obviously a valid regulation, being of the type authorized by section 15, and it covers the case of To Ming. In addition, section 14 of the 1924 act (8 USCA § 214) provides for deportation of aliens who have remained here longer than permitted by the 1924 act. The conclusion seems inevitable that under the 1924 act a Chinese person who enters the United States as a merchant forfeits his right to remain here upon later becoming a laborer. I know of no authorities directly in point, but it seems to me that this result is indicated by what was decided in Ex parte Wong Gar Wah (C. C. A.) 18 F.(2d) 250, and in Zurbrick v. Traicoff (C. C. A.) 38 F.(2d) 811. See, also, Dang Foo v. Day, supra.

The order of deportation was within the authority of the Secretary of Labor, and the writ will be dismissed.