## UNITED STATES v. LEE CHEE.

### (Circuit Court of Appeals, Second Circuit. June 8, 1915.)

### No. 248.

1. ALIENS ☞25—CHINESE EXCLUSION ACTS—PERSONS LAWFULLY IN UNITED STATES.

   The adopted son of a Chinese merchant, brought to this country when 5 years old, had the status of the person who adopted him, and was not subject to be deported.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 79–82; Dec. Dig. ☞25.

   What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. ALIENS ☞25—CHINESE EXCLUSION ACTS—PERSONS LAWFULLY IN THE UNITED STATES.

   Defendant's "godfather," whose obligations as such under Chinese law and custom did not appear, took entire control of defendant after the death of his father, when defendant was 5 years old, brought him to this country, supported him, and sent him to a Chinese school, and when he was about 16 years old sent him to the godfather's nephew, who had opened a store in another city. The godfather was a merchant. *Held* that, though no formal adoption was shown, the godfather practically adopted defendant, and, though defendant later became a laborer, he was not subject to deportation.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 79–82; Dec. Dig. ☞25.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decision reversing an order of deportation, under the Chinese Exclusion Acts, made by a United States commissioner.

M. J. France, U. S. Atty., of Brooklyn.

W. A. Moore, of Brooklyn, N. Y., for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Defendant was found by the inspector working in a laundry at 231 Sumner avenue, Brooklyn. He is about 30 years of age, was born in China, and came to this country when he was about 5 years old; naturally it is to be expected that his memory is not very full and distinct as to the circumstances attending his entry into this country. On all three occasions when he was interrogated, before the inspector, the commissioner, and the court, he stated that his father died in China before he left. It is reasonable to suppose that at 5 years of age he was sufficiently intelligent to appreciate that fact. When first interrogated, he failed to give the name of the person who brought him here; afterwards he said it was one Chin Hing.

[1] Chin Wee, a Chinese person who came to this country about 1869 and was living in San Francisco at the time, testified that Chin Hing, who was an uncle of the witness, was the proprietor of a restaurant in that city, the witness working for him in the restaurant. Chin Hing therefore belonged to the merchant class, and any minor son whom he might bring to San Francisco with him would— by attribution of status—come within the same class. Defendant testified that Chin Hing was his "godfather," in which statement he is corroborated by Chin Wee. When the inspector asked him the question, "Have you ever been adopted by any body, either according to American or Chinese custom?" he replied, "No." It is doubtful whether he understood this question, and certainly at 5 years of age he would not be likely to appreciate, if he knew, the ceremonies of a formal adoption. Later he said that Chin Hing adopted him. If he were an adopted son, we think that at 5 years of age he would have the status of the person who adopted him.

[2] What are the obligations under Chinese law and custom of a "godfather," or its equivalent in the Chinese language, we are not informed. But the evidence is uncontradicted that after the death of defendant's father Chin Hing took entire control of him, brought him to this country, supported him, sent him to a Chinese school in San Francisco, and when he was about 16 years sent him to Chin Wee, who had then gone to New York and opened a small Chinese dry goods store. We are of the opinion that practically Chin Hing, after the father's death, adopted defendant as a son; that he came to this country in the merchant class, entitled to entry; that at the period of registration he was not required to take out a certificate (Tom Hong et al. v. U. S., 193 U. S. 517, 24 Sup. Ct. 517, 48 L. Ed. 772), and that the circumstance that later on he became a laborer is no ground for his deportation.

The order of the District Court is affirmed.