# YEE WON *v.* WHITE, AS COMMISSIONER OF IMMIGRATION, PORT OF SAN FRANCISCO.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 209.　Submitted April 20, 1921.—Decided May 16, 1921.

A Chinese person who lawfully entered the United States as the minor son of a Chinese merchant, but whose status here became that of a laborer, *held* not entitled to bring in his wife and minor children, married and born during his temporary absence in China. P. 400.

258 Fed. Rep. 792, affirmed.

THE case is stated in the opinion.

*Mr. M. Walton Hendry* and *Mr. John L. McNab* for petitioner. *Mr. Joseph P. Fallon* was also on the brief.

*The Solicitor General* for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

The courts below denied petitioner's application for a writ of *habeas corpus* to secure release of his wife and minor children, who having been denied admission upon their

arrival at San Francisco from China, were being held for
return. 258 Fed. Rep. 792. He must be regarded here
as a Chinese person first permitted to enter the United
States in 1901 as a resident merchant's minor son, but
who subsequently acquired the status of laborer and as
such entitled to remain.

In respect to the parties specially concerned the Circuit
Court of Appeals said: "The father of Yee Won died
in San Francisco in 1908. In the latter part of 1910 Yee
Won applied to the immigration officers at the port of
San Francisco for an identification of his status. He was
about to depart for China, and it was his purpose to
secure such an identification as would secure his admission
upon his return. He made no claim that he was a mer-
chant. His claim was that he was 'a capitalist and prop-
erty owner.' He was granted such a certificate and de-
parted for China in January, 1911. He returned on
May 29, 1914. He was then 33 years of age. He claims
to have married Chin Shee in China, March 2, 1911, and
that a daughter, Yee Tuk Oy, was born to them November
28, 1912, and a son, Yee Yuk Hing, was born to them on
November 2, 1913. These three are the present applicants
to enter the United States. They were all born in China,
and this is their first application to enter the United
States."

The writ was properly denied unless as matter of law
such a laborer may properly demand that his wife and
minor children be permitted to come into this country
and reside with him notwithstanding they were born in
China and have never resided elsewhere. In support
of such right *United States v. Mrs. Gue Lim,* 176 U. S. 459,
is cited, and it is said that the reasoning therein which
permitted her to enter because a merchant's wife applies
to the family of a Chinese laborer, who lawfully resides
here. But that case turned upon the true meaning of § 6,
Act of July 5, 1884, c. 220, 23 Stat. 115, which required

every Chinese person other than laborers as condition of admission to present a specified certificate. The conclusion was that the section should not be construed to exclude their wives, since this would obstruct the plain purpose of the Treaty of 1880 to permit merchants freely to come and go.

The Treaty of 1894, 28 Stat. 1210, provided that "the coming, except under the conditions hereinafter specified, of Chinese laborers to the United States shall be absolutely prohibited," but this "shall not apply to the return to the United States of any registered Chinese laborer who has a lawful wife, child, or parent in the United States, or property therein of the value of one thousand dollars, or debts of like amount due him and pending settlement." Exclusion of all Chinese laborers, with certain definite, carefully guarded exceptions, was the manifest end in view, and for a long time the same design has characterized legislation by Congress. "In the opinion of the Government of the United States the coming of Chinese laborers to this country endangers the good order of certain localities within the territory thereof." See Act of May 6, 1882, c. 126, 22 Stat. 58; Act of July 5, 1884, c. 220, 23 Stat. 115; Act of September 13, 1888, c. 1015, 25 Stat. 476, 477; Act of May 5, 1892, c. 60, 27 Stat. 25; Act of November 3, 1893, c. 14, 28 Stat. 7.

The special object of the Treaty of 1894 was to secure assent of China to the limitation or suspension by the United States of immigration or residence of Chinese laborers. Prior to that time rather drastic legislation had undertaken to limit such immigration and residence. These statutes were "reënacted, extended, and continued, without modification, limitation, or condition" by Act of April 29, 1902, c. 641, 32 Stat. 176, as amended by Act of April 27, 1904, c. 1630, § 5, 33 Stat. 428, and are now in force notwithstanding the Treaty of 1894 expired in 1904. *Hong Wing* v. *United States*, 142 Fed. Rep. 128. This

.well defined purpose of Congress would be impeded rather
than facilitated by permitting entry of the wives and
minor children of Chinamen who first came after the
ratification of the treaty, as members of an exempt class,
and later assumed the status of laborers. We think our
statutes exclude all Chinese persons belonging to the
class defined as laborers except those specifically and
definitely exempted, and there is no such exemption of a
resident laborer's wife and minor children.

The judgment of the court below is

*Affirmed.*

MR. JUSTICE CLARKE dissents.