UNITED STATES ex rel. SHUE QUEY v. PIERCE, Chinese Inspector.

(District Court, S. D. New York. February 14, 1922.)

1. Aliens ⟨Key⟩25—Chinese merchant, residing here, can bring in adopted son.

A chinese merchant, lawfully residing in the United States, can bring into this country the members of his family, including an adopted son, though the Chinese Exclusion Acts (Comp. St. § 4290 et seq.), literally construed, would prevent it, since the treaties of November 17, 1880, and March 17, 1894, protect such right, and the statutes have been limited by construction so as not to violate the treaties.

2. Aliens ⟨Key⟩25—Citizenship by birth does not prevent Chinese merchant from bringing in adopted son.

Though the citizenship by birth of a Chinese merchant residing in this country does not extend to his family in China, he can bring in the members of his family, including an adopted son, notwithstanding the broad language of the Chinese Exclusion Acts (Comp. St. § 4290 et seq.), which would prevent it, since a Chinese merchant would have that privilege under treaties with China of November 17, 1880, and March 17, 1894, and it is not to be presumed Congress intended to deprive a citizen of any rights which a noncitizen would possess.

Habeas corpus proceedings by the United States, on the relation of Shue Quey, against F. S. Pierce, as Chinese Inspector, to procure the admission of a Chinese person into the United States. Relator discharged from custody of the Inspector.

The relator is a boy 15 years old, born in China and at the age of 5 lawfully adopted there by a citizen of the United States, a Chinaman born in this country, who has a wife and two blood children in China. The boy comes at his invitation to join him here. The foster father has established these facts, as well his status as a resident merchant. The relator was excluded, not under the Immigration Laws (Comp. St. § 4241 et seq.), with which concededly he complies, but under the Chinese Exclusion Acts (Comp. St. § 4290 et seq.), as a Chinese person not within any of the exemptions.

A. Warner Parker, of Washington, D. C., for relator.
William Hayward, of New York City, opposed.

LEARNED HAND, District Judge. [1] It is conceded that, if the relator was the blood son of a Chinese merchant, not a citizen, he would be admitted. United States v. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544. Moreover, it has been decided in this circuit (United States v. Lee Chee, 224 Fed. 447, 140 C. C. A. 649, Ex parte Fong Yim [D. C.] 134 Fed. 938) that the same doctrine applies to adopted children. There would on this account be no question that, if the foster father were a Chinese merchant, as he is, but not born in the United States, the relator might enter. The result, if the writ fails, will be that because of his American citizenship the foster father is prevented from bringing in his adopted children, and by a parity of reasoning it must follow that he cannot bring in his blood children, and, so far as I can see, his lawful wife. Concededly in the case of none of these does their citizenship follow his.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] While this is an obviously unjust result, the reasoning by which it is reached is not without formal cogency. The right of a merchant to bring in his wife and blood children was in United States v. Gue Lim, supra, held to depend upon rights arising under the treaties of 1880 and 1894 (22 Stat. 826; 28 Stat. 1210), which it was thought Congress could not have intended to take away by the broad language of the Exclusion Acts, though that was literally quite in point. Citizens of the United States do not, of course, enjoy such rights, and the argument is that their dependents cannot, therefore, avail themselves of the treaty rights, without which the Exclusion Acts would prevent their entry. It must be conceded that, taken literally, this argument is unanswerable. But, taken literally, the argument for exclusion was unanswerable, when applied to the wives of Chinese merchants, not citizens, and the Supreme Court acknowledged as much in United States v. Gue Lim, supra. The result in that case followed from an intention imputed to Congress which the words of the statute alone would hardly have justified.

I think that the same reasoning ought equally to make this case an exception from the statute. It is, of course, inconceivable that, had Congress been faced with the result, it would have wished to leave American merchants of Chinese descent under a disability which Chinese merchants did not suffer. It may be argued, if one will, that the Exclusion Act should never have been read with any exceptions, but with that I have nothing to do. It being determined that it does not speak literally, an exception founded upon an assumed purpose not to discriminate against American citizens is, if anything, more persuasive than an exception based upon a purpose not to violate treaty rights. The interpretation of the courts may be right or wrong, but it should at least attribute a purpose to Congress which is not in conflict with itself, as this clearly would be if the respondent's position were upheld.

It does not follow, of course, that the adopted, or blood, child of a Chinese laborer born in the United States would fall within the same rule. That case may await its occurrence; all I have to do here is to hold that a foster father of American birth does not by that fact lose any of the rights which he would have if he had chanced to be born in China, and that his citizenship puts him at least on an equality with Chinamen.

Relator discharged.