### Ex parte KWOCK SEU LUM.

(District Court, N. D. California, First Division. March 17, 1922.)

#### No. 17451.

Citizens ⬅9—Adopted minor son of citizen entitled to admission as citizen.
> The adopted minor son of a native-born citizen of the United States, though born in China of Chinese parents, has the status of an American citizen, and is entitled to admission as such.

Petition of Kwock Seu Lum for writ of habeas corpus. Writ granted.

Geo. A. McGowan, of San Francisco, Cal., for petitioner.

John T. Williams, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

RUDKIN, District Judge. The petitioner was born in China of Chinese parents, but is the adopted son of a native-born citizen of the United States. He is still a minor, and the sole question presented by the record before me is: Is such a person entitled to be admitted to the United States under the Chinese Exclusion Acts?

So far as I am advised, the question is one of first impression in the courts, and we can only reason from analogy. In United States v. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544, it was held that the wife and minor children of a Chinese merchant domiciled in this country are entitled to enter the United States without a certifi-

cate, by virtue of the mercantile status of the husband and father. It has likewise been held that no such right is accorded to the wife and children of a Chinese laborer domiciled here. It has been further held that the children of a citizen of the United States born in China are entitled to admission to this country by virtue of their own status as American citizens, and in the case of Tsoi Sim v. United States, 116 Fed. 920, 54 C. C. A. 154, it was held by the Circuit Court of Appeals for this circuit that the Chinese wife of a native-born American citizen, who was a laborer by occupation, was entitled to enter the United States, and therefore entitled to remain here; the court saying:

"It being the law that the wife and children of a Chinese merchant are permitted to remain in this country because the domicile of the wife and children is that of the husband and father, as was expressly held in Re Chung Toy Ho, and approved by the Supreme Court in U. S. v. Gue Lim, supra, upon what method of legal reasoning can it be held that the wife of an American citizen is not entitled to the same 'rights, privileges, and immunities' under the law? The Chinese merchant does not stand upon a higher plane than the Chinaman who is born of parents, of Chinese descent, having a permanent domicile and residence in the United States. On the contrary, the native born, by virtue of his birth, becomes a citizen of the United States, and is entitled to greater rights and privileges than the alien merchant. The wife has the right to live with her husband, enjoy his society, receive his support and maintenance, and all the comforts and privileges of the marriage relations. These are her, as well as his, natural rights. By virtue of her marriage, her husband's domicile became her domicile, and thereafter she was entitled to live with her husband, and remain in this country."

It was conceded on the argument that the adopted minor child of a Chinese merchant may enter the United States under the Exclusion Acts (Comp. St. § 4290 et seq.), and, if so, by what process of reasoning can the adopted minor child of a native-born American citizen be denied that right? I am unable to distinguish this case from the Tsoi Sim Case, decided by the Circuit Court of Appeals, and the distinction sought to be made between merchant and laborer, where the rights of an American citizen are involved, is without foundation in fact or in law.

The demurrer is therefore overruled, and the writ will issue as prayed.