**T. C. CHOU et al. v. WHITE, Immigration Com'r.**

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3748.

Aliens ⬅25—Chinese laborer, who came to United States prior to treaty of 1880, not entitled to bring into country minor son thereafter born in China.

A Chinese laborer, who came to the United States prior to the treaty with China of 1880, and who obtained a certificate of residence issued under an act of Congress of 1893 (Comp. St. §§ 4320, 4324), under which he subsequently visited China and was admitted to the United States on his return, was not entitled, under article 2 of such treaty, to bring into the United States a minor son born in China after such treaty.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Application for writs of habeas corpus by T. C. Chou and Jew Ben On against Edward White, as Commissioner of Immigration of the Port of San Francisco. Application denied, and applicants appeal. Affirmed.

Dion R. Holm, Samuel C. Wright, and Bert Schlesinger, all of San Francisco, Cal., for appellants.

John T. Williams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The court below denied an application made on behalf of the appellant Jew Ben On for a writ of habeas corpus to secure his release, he having been denied admission upon his arrival at San Francisco from China and was being held for return there.

It is conceded by both parties to the proceeding that Jew Ben On was at the time referred to the minor son of a Chinaman named Jew Ngow, and that the minor was born in China and had never been in this country until his arrival at San Francisco, while his father first came here prior to the treaty between the United States and China in 1880 (22 Stat. 826), and has been a resident here ever since. The contention made at the time of the application for the admission of the minor into the United States was that his father was a merchant and as such was entitled to bring his minor son here. That question of fact was, according to the record, examined into before a board of special inquiry appointed under the immigration laws, which board having reported that the father was a Chinese laborer, and never had been a merchant in fact, and the applicant for the writ having been afforded 10 days' additional time for the introduction of evidence on that question, which evidence he failed and declined to introduce, the case was appealed to the Secretary of Labor, and was by that officer heard and examined, resulting in an affirmance of the finding that the father of the applicant was not and never had been a merchant, but was a Chinese laborer, and in the making of an order requiring the return of the applicant to the country from which he came.

It is not pretended that the applicant did not have a fair hearing before the officers of the Immigration Department, and therefore it is clear that we must take the case as presenting the sole question whether a Chinese laborer, who came to the United States prior to the treaty of 1880, is legally entitled to bring into this country a minor son of his born in China thereafter. Article 2 of that treaty is as follows:

"Chinese subjects, whether proceeding to the United States as teachers, students, merchants, or from curiosity together with their body and household servants, and Chinese laborers who are now in the United States, shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."

The government concedes that the father of the minor obtained and still holds a certificate of residence, which was issued under and in pursuance of an act of Congress of 1893 (Comp. St. §§ 4320, 4324), under which he subsequently visited China and was admitted to this country on his return, and where he still resides.

Counsel for the appellant rely upon the case of United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544, as sustaining their contention. It was there held that the wives and minor children of Chinese merchants domiciled in this country were entitled to enter the United States without any certificate, under the act of Congress of July 5, 1884 (23 Stat. 115 [Comp. St. § 4290 et seq.]), construed in connection with the treaty of November 17, 1880; the argument being that Chinese laborers then in the United States (of which, as has been said,

the father of the appellant Jew Ben On must be taken as one) were given under that treaty the same rights that were accorded Chinese merchants and other Chinese subjects therein designated, to go and come of their own free will and accord, with all the rights, privileges, immunities, and exemptions which are accorded to citizens and subjects of the most favored nation.

On the authority of Hong Wing v. United States, 142 Fed. 128, 73 C. C. A. 346, and Yee Won v. White, 256 U. S. 399, 41 Sup. Ct. 504, 65 L. Ed. 1012, the judgment is affirmed.