### Ex parte SHUE HONG.

(District Court, D. Massachusetts. January 23, 1923.)

#### No. 2341.

Aliens ⬛⟾25—Adopted son of citizen is entitled to admission.

 The adopted son of an American citizen, though such citizen is of Chinese parentage, may not be excluded from admission to the United States.

Petition of Shue Hong for writ of habeas corpus. Writ granted.

E. P. Damon, for petitioner.

BREWSTER, District Judge. Shue Hong applied for admission to the United States as the adopted son of a citizen. The citizenship of the adoptive father is conceded and the fact of the adoption is no longer in controversy. The applicant was excluded on the ground that he was the adopted son of a citizen of the United States who is not a merchant within the meaning of the Chinese Exclusion Act (Comp. Stat. § 4290 et seq.) and for the first time in this district the court has to deal with the rights of a citizen of the United States of Chinese extraction to have with him in this country his adopted child.

The laws relating to the exclusion of Chinese are designed to prevent the influx of Chinese laborers, and it has been held that these laws, while they do not expressly provide for their admission, were not intended by Congress to exclude members of the family of a Chinese merchant or a citizen of the United States of Chinese parentage. The following have been held to be entitled either to come into the country or to remain therein without certificate: Wife and minor children of a Chinese merchant. In re Chung Toy Ho (C. C.) 42 Fed. 398, 9 L. R. A. 204; United States v. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544. The adopted children of Chinese merchants. Ex parte Fong Yim (D. C.) 134 Fed. 938; United States

---

⬛⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

v. Lee Chee, 224 Fed. 447, 140 C. C. A. 649. The wife of a citizen of the United States of Chinese parentage, not a merchant. Tsoi Sim v. United States, 116 Fed. 920, 54 C. C. A. 154. In the Southern district of New York, habeas corpus proceedings were instituted to test the right of Shue Quey, an adopted son of Pong Tong Leong, a native-born citizen of the United States, engaged in business as a merchant within the meaning of the Chinese Exclusion Act, to enter the country. In a decision handed down by Judge Learned Hand February 15, 1922, in the case of U. S. ex rel. Shue Quey v. Pierce, 285 Fed. 663, it was held that the stepson was entitled to be admitted, but apparently on the ground that the foster father was a merchant. At the close of the opinion appears this paragraph:

"It does not follow, of course, that the adopted or blood child of a Chinese laborer born in the United States would fall within the same rule. That case may await its occurrence; all I have to do here is to hold that a foster father of American birth does not by that fact lose any of the rights which he would have, if he had chanced to be born in China, and that his citizenship puts him at least on an equality with Chinamen."

The case which Judge Hand expressly avoided has occurred in the Northern District of California, in the Matter of Kwock Seu Lun, 287 Fed. 363, where it was held that an adopted son of a native-born citizen of the United States was entitled to join his adopted parents in this country. In this opinion the learned judge makes this observation:

"It was conceded on the argument that the adopted minor child of a Chinese merchant may enter the United States under the Exclusion Acts, and, if so, by what process of reasoning can the adopted minor child of a native-born American citizen be denied that right? I am unable to distinguish this case from the Tsoi Sim Case, 116 Fed. 920, decided by the Circuit Court of Appeals, and the distinction sought to be made between merchants and laborers, where the rights of an American citizen are involved is without foundation in fact or law."

An examination of the cases above cited indicates that the courts have dealt not so much with any rights of the wife or child by reason of their status, but rather with the rights of the husband and parent to have his family with him in this country. The underlying thought running through all these cases seems to be that Congress did not intend, in enacting the Chinese Exclusion Laws, to exclude the wife or children of Chinamen entitled to come or remain in this country. The doctrine laid down by the United States Supreme Court in the case of United States v. Gue Lim, supra, has been from time to time extended so as to include, not only the wife and child of a Chinese merchant, but the wife of a native-born citizen and the adopted son of a Chinese merchant. If it may be held that the Chinese Exclusion Act does not prevent the admission of a blood or adopted son of a Chinese merchant, whose rights to come, go, and remain in the United States are secured by treaty, it would seem to follow inevitably that the rights of an American citizen could be no less. Reasoning by analogy from adjudicated cases, we are led irresistibly to the conclusion reached by the court in the Case of Kwock Sue Lun. We can see no reasonable ground for the proposition that an American citi-

zen is not endowed with the same right to have his family with him as is a Chinese subject who may be in this country as a merchant.

It was contended by the government that if stepsons of Chinamen who may be citizens of the United States are allowed to enter, the door would be opened for the admission of laborers who might be adopted solely for the purpose of gaining admission contrary to the spirit and intent of the Chinese Exclusion Act. A different situation would arise if it were found that the adoption was not made in good faith, but was for the purpose of evading the laws. It is sufficient to say that such a situation is not presented by the records in this case.

It having been conceded by the immigration authorities that Shue Hong is the adopted son of an American citizen, he is entitled to admission. The petition for a writ is granted and the writ may issue.