## JOHNSON, Commissioner of Immigration, v. SHUE HONG.

(Circuit Court of Appeals, First Circuit. May 15, 1924.)

No. 1657.

**Aliens ⬤⟹25—Adopted child of citizen is entitled to admission.**

    The minor adopted son of an American citizen, though such citizen is of Chinese descent and is a laborer, may not be excluded from admission, where the good faith of the adoption is not questioned.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Petition of Shue Hong against John P. Johnson, Commissioner of Immigration, for writ of habeas corpus. From a judgment granting the writ, respondent appeals. Affirmed.

For opinion below, see 286 Fed. 381.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Everett F. Damon, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Yee Jew is an American citizen of Chinese descent. On his return from China in 1921 he brought with him his Chinese wife, who was an expectant mother, and Shue Hong, a 13 year old boy, adopted in China by him and his wife when 4 years old, after the death of their own boy. The immigration authorities admitted his wife, but held that the adopted boy should be excluded. The District Court reversed this ruling. 286 Fed. 381. The government appealed. We think the court below was right.

In United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544, the court, in an elaborate opinion by Mr. Justice Peckham, dealt at length with the Chinese exclusion treaties and enforcing statutes, and reached the conclusion that the wives and minor children of Chinese merchants, not citizens, but domiciled in this country, were entitled to enter, and without the certificates mentioned in the Exclusion Act. "[Wives and children] come in by reason of their relationship to the father." 176 U. S. 468, 20 Sup. Ct. 419, 44 L. Ed. 544.

In United States v. Lee Chee, 224 Fed. 447, 140 C. C. A. 649, and in Ex parte Fong Yim (D. C.) 134 Fed. 938, adopted children were held covered by this doctrine. In United States v. Pierce (D. C.) 285 Fed. 663, Judge Learned Hand held that the adopted son of a Chinese merchant, a citizen, should be admitted—on the ground that the merchant citizen of Chinese descent could have no less right to bring in his family (natural or foster) than a Chinese merchant not a citizen, but lawfully admitted.

That case is unlike this, in that counsel agree that Yee Jew, the adoptive father, is a laborer. This agreement is somewhat inconsist-

ent with the record. We, however, assume the fact to be in accordance with this agreement. But we reach the same result that Judge Hand reached; the case falls within the principle laid down by the Supreme Court in the Gue Lim Case, supra.

White v. Kwock Sue Lum (C. C. A.) 291 Fed. 732, is distinguishable. In that case the adoptive father and the adopted son were laborers. The adopted son had a wife in China, an expectant mother, who remained in China. The court pointed out that, as Kwock Sue Lum was a laborer, under the Yee Won Case, 256 U. S. 399, 41 Sup. Ct. 504, 65 L. Ed. 1012, he could not, if admitted, bring in his wife and expected child or children; that therefore the argument for family unity, which is the main ground for the court's decision in the leading Gue Lim Case, 176 U. S. did not apply. Cf. U. S. v. Lee Chee, 224 Fed. 447, 448, 140 C. C. A. 649; Tom Hong v. U. S., 193 U. S. 517, 24 Sup. Ct. 517, 48 L. Ed. 772. But in the case before us the adopted son is, and has been since he was four years old, a bona fide member of his citizen father's family. We cannot think a citizen laborer father has less rights than an alien merchant father to have his family with him in this country.

We agree with the court below that, on this record, there is no warrant for holding that the adoption was for the purpose of giving admission to persons excluded under the spirit and intent of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), and that an entirely different situation would be presented if there were evidence that the adoption was not made in good faith, for family or sentimental or religious purposes, but for the purpose of evading the laws.

Yee Won v. White, 256 U. S. 399, 41 Sup. Ct. 504, 65 L. Ed. 1012, Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165, and Zartarian v. Billings, 204 U. S. 170, 27 Sup. Ct. 182, 51 L. Ed. 428, do not apply.

The decree of the District Court is affirmed.