Ex parte LUM POY et al.

District Court, W. D. Washington, N. D.
January 12, 1928.

No. 12058.

1. Aliens ⟨⟩25—Adopted child of domiciled Chinese merchant, brought from China by merchant's wife, and such wife, held entitled to admission to United States; "child;" "accompanying alien" (Immigration Act 1924, §§ 13 [c], 28 [m], being 8 USCA §§ 213, 224(*l*); Immigration Act Feb. 5, 1917, § 18 [8 USCA § 154]; Treaty with China Nov. 17, 1880, 22 Stat. 826, 827).

Immigration Act 1924, § 28 (m), being 8 USCA § 224, providing that the terms "child," "father," and "mother" do not include a child or parent by adoption, unless the adoption took place before January 1, 1924, held not to apply to adopted child of Chinese merchant domiciled in the United States, and such adopted child and merchant's wife, who brought child on her return from China, were both entitled to admission to United States, and it was error to exclude child under sections 13 (c), 28 (m), being 8 USCA §§ 213, 224(*l*), and to deny entry to merchant's wife as an "accompanying alien," within Immigration Act Feb. 5, 1917, § 18 (8 USCA § 154), such statutes not being intended to affect rights of Chinese aliens under Treaty with China of November 17, 1880 (22 Stat. 826, 827).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child—Children.]

2. Treaties ⟨⟩6—Congress may abrogate treaty defining alien's rights, but annulment should not be inferred.

Congress may abrogate a treaty defining rights of aliens, but annulment of such treaty should not be inferred.

In the matter of the application of Lum Poy and another for a writ of habeas corpus. Petitioners ordered discharged from respondent's custody.

Hugh C. Todd, of Seattle, Wash., for petitioners.

Thos. P. Revelle, U. S. Atty., and Anthony Savage, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunston, U. S. Immigration Service, on the brief), for respondent.

CUSHMAN, District Judge. Petitioners were born in China, and are of Chinese race. Ng Shee is the wife of Lum Hing, a domiciled Chinese merchant of Portland, Or. Returning from China, petitioner Ng Shee brought with her the petitioner Lum Poy, their adopted son. This son is four years of age. Both she and the son were denied admission to the United States; Lum Poy because he was adopted subsequent to January 1, 1924, and because the entry of such an adopted son, it was concluded, was denied by

sections 13 (c) and 28 (m) of the Immigration Act of May 26, 1924, 43 Stat. p. 162, 169 (Comp. St. Supp. 1925, §§ 4289¾ff, 4289¾m [8 USCA §§ 213, 224 [*l*]). Ng Shee was denied entry because of her being an "accompanying alien," subject to exclusion under section 18 of the Immigration Act of February 5, 1917, 39 Stat. c. 29, p. 887 (Comp. St. Supp. 1919, § 4289¼j [8 USCA § 154]). Both petitioners are held by the respondent for deportation to China.

[1] In support of the return, the original record resulting in the order of deportation was introduced. The sole question for determination is whether section 28 (m), which provides: "The terms 'child,' 'father,' and 'mother,' do not include a child or parent by adoption unless the adoption took place before January 1, 1924"—applies to the case of the adopted child of a Chinese merchant domiciled in the United States. It has been held that the Immigration Act of 1924 did not exclude from admission to the United States the minor children of Chinese merchants lawfully domiciled in the United States; that such children were entitled to enter by virtue of the second article of the Treaty of November 17, 1880. 22 Stat. 826, 827; Cheung Sum Shee et al. v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985. In that case the court said:

"The wives and minor children of resident Chinese merchants were guaranteed the right of entry by the treaty of 1880 and certainly possessed it prior to July 1st, when the present Immigration Act became effective. United States v. Mrs. Gue Lim, supra. That act must be construed with the view to preserve treaty rights unless clearly annulled, and we cannot conclude that, considering its history, the general terms therein disclose a congressional intent absolutely to exclude the petitioners from entry. In a certain sense it is true that petitioners did not come 'solely to carry on trade.' But Mrs. Gue Lim did not come as a 'merchant.' She was nevertheless allowed to enter upon the theory that a treaty provision admitting merchants by necessary implication extended to their wives and minor children. This rule was not unknown to Congress when considering the act now before us. Nor do we think the language of section 5, is sufficient to defeat the rights which petitioners had under the treaty. In a very definite sense they are specified by the act itself as 'nonimmigrants.' They are aliens entitled to enter in pursuance of a treaty as interpreted and applied by this court 25 years ago."

See, also, Weedin v. Wong Tat Hing (C.

C. A.). 6 F.(2d) 201; Ex parte Goon Dip (D. C.) 1 F.(2d) 811; United States v. Mrs. Gue Lim, 176 U. S. 459, 20 S. Ct. 415, 44 L. Ed. 544; In re Chung Toy Ho and Wong Choy Sing (C. C.) 42 F. 398, 9 L. R. A. 204.

In United States v. Lee Chee (C. C. A.) 224 F. 447, United States ex rel. Shue Quey v. Pierce (D. C.) 285 F. 663, Ex parte Fong Yim (D. C.) 134 F. 938, United States v. Jew Sung Gwong (D. C.) 232 F. 279, and Ex parte Shue Hong (D. C.) 286 F. 381, it was held that adopted children of Chinese merchants were entitled to admission to the United States. In the Shue Quey and Shue Hong Cases, supra, the Chinese foster father, or adopted father, was a citizen of the United States. In United States v. Lee Chee, 224 F. 447, a decision by the Circuit Court of Appeals of the Second Circuit, Judge Lacombe, writing the opinion, says:

" * * * Chin Wee, a Chinese person who came to this country about 1869 and was living in San Francisco at the time, testified that Chin Hing, who was an uncle of the witness, was the proprietor of a restaurant in that city, the witness working for him in the restaurant. Chin Hing therefore belonged to the merchant class, and any minor son whom he might bring to San Francisco with him would—by attribution of status—come within the same class. Defendant testified that Chin Hing was his 'godfather' in which statement he is corroborated by Chin Wee. When the inspector asked him the question, 'Have you ever been adopted by anybody, either according to American or Chinese custom?' he replied, 'No.' It is doubtful whether he understood this question, and certainly at five years of age he would not be likely to appreciate, if he knew, the ceremonies of a formal adoption. Later he said that Chin Hing adopted him. If he were an adopted son, we think that at five years of age he would have the status of the person who adopted him."

This decision appears to have been approved by the Circuit Court of Appeals of the Ninth Circuit, though not directly upon this point. Weedin v. Wong Jun, 7 F.(2d) 311, 312. In the Cheung Sum Shee Case, supra, the court said:

"That act must be construed with the view to preserve treaty rights unless clearly annulled, and we cannot conclude that, considering its history, the general terms therein disclose a congressional intent absolutely to exclude the petitioners from entry."

The court finds no intent evidenced in the 1924 Immigration Act concerning the treaty, save to continue its effect. " * * *

In a very definite sense they are specified by the act itself as 'nonimmigrants.' "

[2] The question is not one of power, but of intent; and such general terms as used in the act, the Supreme Court held in the foregoing case, do not show an intent to deny theretofore existing rights under the treaty. Congress may abrogate such a treaty, but it is not shown "clearly" to have been annulled. Its annulment should not be inferred. Congress may declare war, but the courts will be slow to conclude it has impliedly done so. In Commissioner of Immigration v. Gottlieb et al., 265 U. S. 310, 44 S. Ct. 528, 68 L. Ed. 1031, the Immigration Act was construed according to its terms, unaffected by the treaty.

Upon the record as it now stands, the petitioners are entitled to enter the United States, and to be discharged from respondent's custody. The order will be settled upon notice.