### In re BARRON.

District Court, E. D. Michigan, S. D. May 9, 1928.

1. **Aliens** ⟊68(5)—**Court, on hearing of application for admission to citizenship, is not bound by recital of facts in certificate of arrival.**

Court, on hearing of application for admission to citizenship, is not bound by recital of facts contained in certificate of arrival, although facts shown therein are to be considered along with all other facts and circumstances, to determine actual intention and legal residence.

2. **Aliens** ⟊68(5)—**That applicant for citizenship was fitting himself to practice law is evidence of intention to reside in United States at future time.**

Fact that applicant for admission to citizenship was fitting himself to practice law in United States constituted evidence of intention to reside in United States at some future time.

3. **Aliens** ⟊62(3)—**Applicant, maintaining actual residence in Canada, held not entitled to citizenship, though spending most of time in United States, with future intention to reside therein.**

Applicant for citizenship, having maintained actual residence in Canada, for preceding five years, though spending greater part of his time within United States, with future intention of making United States his home, held not entitled to citizenship.

4. **Aliens** ⟊62(3)—**Residence of applicant for citizenship depends largely on intention, gathered from acts of petitioner, rather than declarations.**

Residence, as bearing on right of applicant to admission to citizenship, depends largely on intention, which intention is to be gathered from acts of petitioner, rather than his declarations.

5. **Aliens** ⟊62(3)—**Term "resided in United States" is used in naturalization statute in sense of having domicile.**

In naturalization statute, term "resided in United States" is used in the sense of having a domicile in United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reside.]

6. **Aliens** ⟊62(3)—**Intent to make home, within meaning of naturalization statute, must be intent to make home at the moment.**

Intent to make a home in United States, within meaning of naturalization statute, must be an intent to make a home at the moment, and not to make a home in the future.

7. **Domicile** ⟊4(1)—**Domicile of person having capacity to acquire domicile of choice is in earlier home, unless second home is principal home.**

When a person who has capacity to acquire domicile of choice has more than one home, his

domicile is in the earlier home, unless he regards second home as principal home.

Naturalization Proceedings. In the matter of the petition of Orion P. Barron for admission to citizenship of the United States. Petition denied without prejudice to his right to thereafter file a valid petition.

Martin J. Kilsdonk, of Detroit, Mich., for petitioner.

O. T. Moore, District Director of Naturalization, and James L. Pangle, Asst. District Director of Naturalization, both of Detroit, Mich., opposed.

TUTTLE, District Judge. [1] The petitioner is a citizen of Great Britain. He was born and formerly resided in Amherstburg, province of Ontario, Canada. Amherstburg is a small city on the Canadian side of the Detroit river, a few miles down the river from the city of Detroit. His certificate of arrival states that he entered the United States for permanent legal residence on September 5, 1917. From the time of his birth, June 30, 1901, down to the present time, his parents have resided in Amherstburg. I find the facts to be that when he entered the United States, on September 5, 1917, he intended at some future time to acquire a legal residence in the United States, but that he did not then have the present intention to establish and acquire a permanent, continuous residence in this country from that date. His act in entering the United States at that time was a preparatory step taken by him in anticipation of what he hoped and expected to do in the future rather than representative of what he was actually doing at that time. The court is not bound by the recital of facts contained in the certificate of arrival. The facts shown on the certificate of arrival are to be taken into consideration, along with all the other facts and circumstances, in determining his actual intention and legal residence.

When he came to the United States in 1917, he secured work in Detroit with a local railroad. He roomed and boarded in Detroit. It was not practical for him to return to his home in Amherstburg for his meals and lodging each day. He did, however, frequently and regularly return to his home in Amherstburg for week ends, vacations, and holidays. He was not only employed in Detroit, but he attended a law school in Detroit, from which he was graduated, and later passed the Michigan law examinations for admission to the bar.

[2, 3] The fact that he was fitting himself to practice law in the United States is evidence of his intention to reside in the United States at some future time, but, taken with all the other facts and circumstances, does not show a present intention to reside here at that particular present time. Almost all law students room and board at the place where they are attending school, but that alone furnishes little or no evidence of their present intention to make that particular place their residence.

During the early years that he was working and going to school in Detroit, he was keeping company with a young lady who was a citizen of Canada, and who resided near his home in Amherstburg. In 1920, he married this young woman in Canada. Strong evidence of his intent as to his actual home at that time is shown by the fact that immediately upon his marriage he took his wife to the home of his parents in Amherstburg, and she continued to reside there until August 6, 1925. A child was born to them, and the child, like the mother, continued to reside at the home in Amherstburg. It seems plain that, while there was a fixed purpose in the petitioner's mind to make Michigan and the United States his home in the near future, his present intention, up to August 6, 1925, was to keep his actual home for the time being in Canada with his parents, wife, and child.

[4] While residence in this case depends largely on intention, the intention is to be gathered from the acts of the petitioner rather than from his declarations. The testimony of the petitioner, however, like the acts of the petitioner, actually indicates an intention to reside in the United States at a future date rather than at any particular time prior to August 6, 1925. The petitioner ate and slept in Detroit in order that he might work, earn money and acquire an education, intending at a future date to have a permanent home in Detroit. In the meantime he continued to have his actual present home in Amherstburg with his parents, where his wife and child lived, and where he spent just as much of his time as possible, consistent with his labors and studies. His actual home up until August 6, 1925, was in Amherstburg, Canada. On that date, he came to Detroit, Mich., with his wife and child. From that date his home and his actual residence have been permanently in the United States. Long previous thereto, and undoubtedly since September 5, 1917, he had intended that at some time he would make the United States his permanent residence. Not until August 6, 1925, was that hope and future intention realized, and not until August 6, 1925, did that residence in the United States become a reality.

This petition must be denied, not because of the brief and frequent periods during which the petitioner was physically absent from this country, but because during all of his life up until August 6, 1925, he had his actual residence in Amherstburg, Canada, in spite of the fact that his labors and studies kept him for the greater portion of his time after September 5, 1917, in the United States.

One "resides" where he has his residence. The term "residence" is not always used in the sense of domicile, and its meaning in a legal phrase must be determined in each case. American Law Institute Restatement, Conflict of Laws (Fourth Draft) § 12.

[5] In the naturalization statute the term "resided in the United States" is used in the sense of having a domicile in the United States.

[6] The intention to make a home must be an intent to make a home at the moment, and not to make a home in the future. American Law Institute Restatement, Conflict of Laws (Fourth Draft) § 22.

[7] When a person who has capacity to acquire a domicile of choice has more than one home, his domicile is in the earlier home, unless he regards the second home as his principal home. American Law Institute Restatement, Conflict of Laws (Fourth Draft) § 26.

It is plain that petitioner, prior to August 6, 1925, regarded his old home where his wife and child resided as his principal home, rather than the lonely room in Detroit, where he slept while working and going to school.

The petitioner is well qualified to become a citizen of this country. It is unfortunate that he cannot now be admitted. He "has not for the continued term of five years * * * resided within the United States." He has resided here only since August 6, 1925. His petition will be denied, without prejudice to his right to file a valid petition on or after August 6, 1930. An order will be entered in accordance with this opinion.