MAR FOW LUN v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
June 18, 1928.

No. 5397.

Aliens ⬤25—Adopted son of native-born citizen, both belonging to Chinese race, held not entitled to admission prior to enactment of Immigration Act (8 USCA § 145 et seq.).

Adopted son of native-born citizen of United States, both belonging to Chinese race, held not entitled to be admitted to this country prior to enactment of Immigration Act 1924 (8 USCA § 145 et seq.).

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit by Mar Fow Lun against John D. Nagle, Commissioner of Immigration for the Port of San Francisco. From an adverse order, Mar Fow Lun appeals. Affirmed.

Soren X. Christensen and J. C. Wood, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The sole question presented for decision on the present appeal is this: Was the adopted son of a native-born citizen of the United States, both belonging to the Chinese race, entitled to be admitted to this country prior to the enactment of the Immigration Act of 1924 (8 USCA § 145 et seq.). Upon this question there is a direct conflict of authority. In United States v. Pierce, 285 F. 663, Judge Learned Hand, sitting in the District Court, decided in favor of the right of admission, and his decision was followed and approved by the Circuit Court of Appeals for the First Circuit in Johnson v. Shue Hong, 300 F. 89. On the other hand, in White v. Kwock Sue Lum, 291 F. 732, this court reached the opposite conclusion. An attempt is made to distinguish the latter case from the cases cited and from the present case, but we find no solid basis for the distinction, and a majority of the court adhere to the rule heretofore announced by this court. Aside from the apparent hardship incident to the case, the question is no longer of general importance, because it is put at rest by the Immigration Act of 1924.

The order is affirmed.

George W. RICE et al., Defendants, Plaintiffs in Error, v. UNITED STATES, Defendant in Error.

Circuit Court of Appeals, First Circuit.
June 4, 1928.

No. 2182.

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

On petition for rehearing.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The United States has filed a motion for rehearing since the announcement of our opinion in the above case. 24 F.(2d) 479.

In Murby v. United States, 293 F. 849, where the proceedings were under and by virtue of a search warrant, this court held that "what would have happened, or have been found, if the officers had proceeded without process, is a matter of pure conjecture, in which we need not indulge," to which we adhere.

It will be noted, also, that in the present case search and seizure was not made as incidental to the arrest, but that the arrest was made following the search and seizure.

Petition is denied.