## UNITED STATES v. WHITE et al.

District Court, D. Nebraska, Omaha Division. November 21, 1928.

No. 5521.

William J. Froelich, Asst. U. S. Atty., of Omaha, Neb.

Arthur F. Mullen and E. D. O'Sullivan, of Omaha, Neb., for defendants.

WOODROUGH, District Judge. According to the evidence now before the court, the defendants were caught red-handed running a distillery in what is known as the Farrell building in Omaha, Nebraska. A number of prohibition officers became apprised of the commission of the crime through their sense of smell. They are experienced and skilled in the detection of this sort of crime by smelling it out, and five of them made affidavits that the smells emanating from the Farrell building gave them reason to believe, and they did believe, that the crime was being committed inside. They pried open the door, and, following the smell to the source, arrested those whom they found engaged in operating the still, and seized the implements of crime.

Now the defendants move to suppress the evidence thus brought into the hands of the government, not only what was then and there seized, but all that was traced down and brought to light by means of the seizure. The ground is that, at the time the officers following their sense of smell forced their way into the building, they also had a search warrant, and defendants say the search warrant was void.

The government contends that the officers had a right to follow the smell of illicit distilling to its source, even through closed doors without any warrant; and that, when the officers arrived at the scene of the crime, and saw the felony being committed, they had a right to arrest the offenders, and, incidentally to the arrest, to seize the means with which the offense was being committed. The government further contends that, if this right to follow the smell and make the arrest and seizure did exist, then the government could not be deprived of the means of prosecution and conviction, because a void search warrant had been issued and was in the hands of the officers.

I see no answer to the government's contention. The practice under which the federal courts return property, wrongfully seized under void search warrants, does not rest upon statute. It rests upon the determination of the federal courts to protect the citizen against wrongful searches and seizures. But, if the government can justify its seizure of the evidence necessary for prosecution under well-settled rules of law, and without warrants either of arrest or search, then there would be no logical sanction whatever for returning the evidence to the criminals.

If the court should in effect say to the government, "You shall not prosecute these criminals whom your officers saw committing crime," the court would simply discourage and prevent officers from doing what has always been enjoined upon them as a duty. Officers must go where their senses tell them a crime is being committed, and, when they see criminals in the act, they must arrest and bring the implements of crime before the court. There is neither sense nor logic in the suggestion that these duties cease to be obligatory, if the officers, out of abundance of caution, have a superfluous search warrant with a flaw in it.

These considerations appear to have been overlooked by the Court of Appeals of the First Circuit in Murby v. U. S., 293 F. 849 and possibly Rice v. U. S., 27 F.(2d) 129. But our own Court of Appeals is obviously not in accord with the First Circuit. In Garske v. U. S., 1 F.(2d) 620, our court clearly indicates that, if the evidence was obtained lawfully as an incident to the lawful arrest of offenders, controversies about the legality of a search warrant are immaterial. The Second Circuit coincides in Lee Kwong Nom v. U. S., 20 F.(2d) 470.

I am not fully persuaded that the search warrant was void. The place described is the Farrell building, and it is a fact that there were two tenants in occupancy of the building—one having two floors and the other the remaining three, while both used the entrance and the hallways. There is a leading authority to the effect that a search warrant describing an entire apartment house where there are a number of apartments, lived in by different families, is void, because each domicile is a different place, and such a warrant does not describe a place, but really describes many places. Following this case, several others apply the principle to analogous situations, and I have never doubted the soundness of the principle. But in this case the Farrell building stood out on a street corner, separated from other buildings, and there was nothing on the outside of it to indi-

cate how it was occupied, except that the emanating odors indicated a distillery. The door to the building was locked. To the ordinary observer, it looked like a place where a crime was being committed, and therefore a place liable to be searched. The only way in which it could be ascertained who or what was in the building was to go through the locked door and search. Now that is what a search warrant is for.

Much has been said, and this court has contributed its full share, about protecting the citizen against unreasonable search. But power to search the hiding places of crime is inherent in government, and a necessary incident to the administration of justice. If the statute is followed, if credible and sworn testimony discloses to the commissioner that evidence of crime lies behind the locked door of such a building as the Farrell building—not an apartment house or an office building, but a place that is shut off from the public by a single locked door—there is a serious question as to the pertinency of the principle applied in the apartment house case. I am inclined to think the commissioner rightly issued the search warrant, and that the defendants are in no position to complain against it.

The motion to suppress evidence will be overruled.