## In re PEZZI.

District Court, S. D. California, S. D. December 31, 1928.

States Naturalization Examiner, both of Los Angeles, Cal., opposed.

HENNING, District Judge. The petitioner in this matter was born in California, and on September 1, 1920, was married to Armando Pezzi, a native and subject of Italy. Following her marriage, she took up her residence with her husband in Italy. She thus became a subject of Italy.

On September 27, 1925, the petitioner entered the United States, arriving on the steamship Duilio, together with her husband, and was admitted as a nonimmigrant alien, with the notation on the record of entry that she intended to remain in the United States four months as a "temporary visitor." Nearly a year later, on August 26, 1926, the files indicate that permission was granted the petitioner by the Department of Labor to remain in the United States so long as her husband maintained his status as a treaty merchant. Apparently she had not departed from the United States at the expiration of the four months granted her as a period of temporary residence in the United States at the time of entry.

On October 18, 1927, the petitioner filed a petition for naturalization under the act of September 22, 1922, and the matter came on regularly for hearing on February 3, 1928. At that time it was made to appear that the petitioner had returned to Italy for a temporary visit and at the request of her counsel the matter was continued to be taken up again on her return. On the 28th day of September petitioner appeared in open court, with others, for a hearing on her petition for naturalization. There is nothing before me to indicate what record of entry was made at the time of the petitioner's return to the United States, just prior to the date of hearing.

It is clear from the facts before the court that the petitioner entered the United States on September 27, 1925, after a five-year residence in Italy; that she came, not as an immigrant, but as a temporary visitor, and notwithstanding the quota, under the provisions of section 3, clause 2, of the Quota Law of 1924 (8 USCA § 203). Later, no doubt upon a proper showing, and after having violated the terms of her temporary admission as a visitor, her status was changed by a ruling of the Department of Labor to that of the wife of a treaty merchant, under the provisions of section 3, clause 6, of the same act. It also appears that petitioner resided in this district from the time of her birth until her marriage in 1920, and that upon her return from Italy she resided for about a year at points in the United States other than this

Ward Chapman, of Los Angeles, Cal., for petitioner.

Frederick Jones, District Director of Naturalization, and Homer B. Terrill, United

district, but came to California on October 7, 1926, and took up her residence on the ranch of her family at Ventura, in this district.

The proofs establish her presence in this district for a period of one year continuously immediately preceding the filing of her petition. It further appears that petitioner's husband has resided in the city of New York since the arrival of the petitioner and himself in the United States, as above stated, on September 27, 1925, and that he has an office in that city with an importing firm, and that he frequently departs for Italy and returns to the United States in the course of his business. There is no evidence that he has established a domicile in the United States. The evidence also indicates that the petitioner does not intend to remain in the state of California, but that she plans to reside with her husband, wherever he may be, including New York City. She is not divorced or separated from her husband as a matter of fact or law.

The petition is filed under the provisions of section 4 of the Act of September 22, 1922 (8 USCA § 369), generally referred to as the Cable Act. It follows that petitioner must fully comply with the provisions of the Naturalization Act of June 29, 1906 (34 Stat. 596), except that no declaration of intention is required of her, and proof of one year's residence, instead of five, is all that is required under the statute.

In order to be entitled to naturalization, an alien must establish lawful entry into the United States as an immigrant, with intent to remain in the United States permanently. An alien who enters the United States *without inspection and admission as an immigrant for permanent residence* is not entitled to naturalization under our statutes. Kaplan v. Tod, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585; In re Kempson et al. (D. C.) 14 F. (2d) 668; In re Jensen (D. C.) 11 F.(2d) 414; Petition of Connal (D. C.) 8 F.(2d) 374; Ex parte Marchant et al. (D. C.) 3 F. (2d) 695.

Counsel, as part of the argument, urges that the petitioner intends to remain permanently in the United States. In the face of the record, such intention on part of an alien is not the "intent" contemplated by the law. Under the record facts, there can be no such thing as remaining permanently in the United States, no matter what the personal intention of the petitioner may be. The intent of an alien, who asks for naturalization, as to the permanence of his residence in the United States, must be gathered from the acts of the petitioner, as reflected, not only by the record facts, but by the course of conduct of the petitioner. The petitioner's declaration that she intends to remain permanently in the United States may be taken into consideration in connection with other facts not inconsistent with such a declaration. In re Barron (D. C.) 26 F.(2d) 106.

There can be no question that the petitioner is an alien, as defined both in the naturalization laws of the United States and the Quota Act of 1924. Section 28, clause (b), of the latter (8 USCA § 224(b) provides that "the term 'alien' includes any individual not a native-born or naturalized citizen of the United States. * * *" Section 12 (a) of the same act (8 USCA § 212(a), provides that "an immigrant born in the United States who has lost his United States citizenship shall be considered as having been born in the country of which he is a citizen or subject. * * *"

It has often been held that a petitioner for naturalization must establish all the material averments of the petition and must meet all the requirements of the law. In the case of U. S. v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853, the Supreme Court said: "An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare. * * * No alien has the slightest right to naturalization, unless all statutory requirements are complied with."

The courts of the United States have uniformly held that the terms and conditions specified and prescribed by Congress respecting the naturalization of an alien must be strictly construed and enforced. Aliens are bound by and subject to such terms and conditions. Naturalization is a matter of favor, and not of right, and requires strict compliance with the acts of Congress.

Counsel argues eloquently for an interpretation of the law which will avoid hardships and embarrassment; but the court cannot disregard the plain language of the statute, for which, as the Supreme Court has well said in Commissioner of Immigration of Port of New York v. Gottlieb, 265 U. S. 310, 44 S. Ct. 528, 68 L. Ed. 1031, "we are not at liberty to substitute a rule based upon other notions of policy or justice." See, also, Chang Chan v. Nagle, 268 U. S. 346, 45 S. Ct. 540, 69 L. Ed. 988; Chung Fook v. White,

264 U. S. 443, 44 S. Ct. 361, 68 L. Ed. 781; Yee Won v. White, 256 U. S. 399, 402, 41 S. Ct. 504, 65 L. Ed. 1012.

The Supreme Court of the United States a few weeks ago (October 22, 1928) reaffirmed the doctrine of the cases above cited in the case of Maney v. U. S., 49 S. Ct. 15, 73 L. Ed. ——, being No. 27, October term, 1928. That was a case in which the trial court granted citizenship to the plaintiff in face of the fact that the certificate of arrival was not attached to and filed with the petition as required by law. The certificate of arrival, however, was produced at the hearing and had been received, as appeared from the evidence, several weeks after the petition was filed. The trial court ordered that the certificate of arrival be attached to the petition nunc pro tunc and proceeded with the hearing. The Circuit Court of Appeals reversed the trial court and canceled the certificate of naturalization. The matter came to the Supreme Court on writ of certiorari. In confirming the Circuit Court of Appeals in its reversal of the trial court the Supreme Court said:

"It is said that the District Court had control of procedural matters and could cure formal defects. Very likely it had power to cure defective allegations but it had not power to supply facts. If, as we decide, the petitioner was required to file the Department of Labor's certificate at the same time that she filed her petition, the District Court could not cure her failure to do so and enlarge its own powers by embodying in an order a fiction that the certificate was filed in time."

▇ Has the petitioner here met the requirements of the law? I think not. The petitioner has no status in the United States, other than being the wife of her husband. Her husband's status is defined by the provisions of section 3, of the Quota Act of 1924 and the treaty of commerce and navigation between the United States and Italy of 1871 (17 Stat. 845). This treaty defines the status of "Italian citizens in the United States and citizens of the United States in Italy." Article 1. It clearly contemplates the temporary stay of the merchants of one country in the territory of the other. It accentuates the fact that the citizen of the one country is entitled to certain rights and privileges in the other country, including the privilege of being accompanied by wife, minor children, servants, etc., solely and wholly because such citizen of one country is in the other country temporarily and for no other purpose than to carry on trade. There is not the slightest thought involved in the language of the treaty that the citizen of one country, residing in the other country as a treaty merchant, is laying the foundation for becoming a citizen of the other. Everything in the treaty negatives that thought.

Neither the petitioner nor her husband could have been admitted, under the credentials they carried, as immigrants or as persons coming for the purpose of permanently residing in the United States. They were admitted specifically as nonimmigrant aliens, and specifically, under the language of the Quota Law of 1924, as "aliens entitled to enter * * * solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation." 8 USCA § 203. The word "solely" there means exactly what it says.

Argument of counsel for petitioner, with reference to treaty rights, is not clear to me. The treaty rights are clear and unambiguous and are limited solely to the right of all the freedom of movement and protection under our laws that are essential to the carrying on of trade as the citizen of a friendly nation, really moving in this country under the flag of his own country and being here for temporary purposes. The Immigration Quota Act of 1924 sharpens this doctrine of the rights of a treaty merchant and is wholly in harmony with it. Should it be true that the Immigration Act contains additional limitations, that makes the status of the treaty merchant all the more pronounced.

▇▇ Counsel argues that the act of 1924 is in conflict with treaty rights. I am unable to agree with him in that regard. I think the two are in perfect harmony, each accentuating the essential thought of the other as to an alien coming here for a specific purpose, wholly inconsistent with any intention of becoming an American citizen. However, should it be true that this statute is in conflict with the treaty, then it follows that the treaty must yield to the statute. While there is some conflict of authority in that regard, the better opinion in my judgment is to the effect that, "when a treaty comes in direct conflict with a later act of Congress, the latter will prevail." See Jeu Jo Wan v. Nagle, 9 F.(2d) 309; Ex parte Wong Gar Wah, 18 F.(2d) 250. The cases just cited are by the Circuit Court of Appeals of this circuit, and therefore binding on this court. Also I may say that I wholly agree with the doctrine there announced as being the true rule of law.

It follows that the petitioner here has not met the requirements of the statutes on the subject of naturalization, requiring entry into the United States as an immigrant and as

a permanent resident, and continuous residence therein as such lawfully domiciled alien for permanent purposes.

The petition is denied and dismissed.