**UNITED STATES ex rel. LAM SHIN HING v. CORSI, Commissioner of Immigration.**

District Court, S. D. New York.
May 10, 1933.

James C. Thomas, of New York City (A. Warner Parker, of Washington, D. C., of counsel), for relator.

George Z. Medalie and Bronson Goddard, both of New York City, for respondent.

BONDY, District Judge.

The petitioner is a Chinese citizen ordered deported because he has remained in the country for a longer time than permitted.

He entered the country in December, 1927, under a certificate of identity issued pursuant to section 6 of the Act of May 6, 1882, as amended (8 USCA § 265), as "an alien visiting the United States temporarily as a tourist or temporarily for business or pleasure" (Immigration Act 1924, § 3 (2), 8 USCA § 203 (2), for a probable duration of one year. Subsequently he obtained from the Department of Labor extensions of time, the last on October 7, 1930, upon filing a bond conditioned upon his departure on or before December 1, 1931. On November 10, 1931, he applied for a change from his status as traveler, which is of temporary duration (8 USCA § 203 (2), to that of merchant, which is of indefinite duration (8 USCA § 203 (6). This application was denied by the Department, and he was ordered to depart voluntarily. The alien having failed to comply with this order, a warrant for his arrest was issued. After a hearing, he was ordered deported, and thereupon obtained the writ of habeas corpus now before the court.

The alien was a merchant in China before he came to this country. Ever since a short time after his arrival, he has been similarly engaged in the United States.

The alien having remained here longer than permitted by the certificate under which he entered and the extensions granted him, the order of deportation was properly made (Immigration Act 1924, § 14, 8 USCA § 214), unless the Department's refusal to permit the requested change of status was authorized.

The Department, in refusing the request, acted under a regulation specifically covering the situation, contained in the Rules of October 1, 1926, governing the admission of Chinese. Paragraph 1, Rule 18, provides: "Chinese admitted to the United States as students under section 4 (e) of the Immigration Act of 1924; those admitted as travelers for business or pleasure under section 3 (2); or those admitted solely to carry on trade under and in pursuance of a treaty of commerce and navigation existing on May 26, 1924 under section 3 (6) of said act; must maintain the status under which admitted while remaining in the United States (section 15, Immigration Act of 1924), and consequently cannot change from one exempt status to another."

To sustain the alien's position, this regulation must be found invalid. It purports to have been made in pursuance of section 15 of the Immigration Act of 1924 (8 USCA § 215), which provides: "The admission to the United States of an alien excepted from the class of immigrants by clause (2), (3), (4), (5), or (6) of section 3 [section 203, of this title], or declared to be a nonquota immigrant by subdivision (e) of section 4 [section 204, of this title], shall be for such time as may be by regulations prescribed, and under such conditions as may be by regulations prescribed (including, when deemed necessary for the classes mentioned in clause (2), (3), (4), or (6) of section 3 [203], the giving of bond with sufficient surety, in such sum and containing such conditions as may be by regulations prescribed) to insure that, at the expiration of such time or upon failure to maintain the status under which admitted, he will depart from the United States."

Counsel for the alien contend that the word "status" in the foregoing statute refers to the distinction between immigrants and nonimmigrants and not to the different exempt classes of nonimmigrants, and that therefore the Labor Department has not the power to order an alien deported so long as he remains in any one of the classes of nonimmigrants.

Section 6 of the Act of May 6, 1882, as amended (8 USCA § 265), prescribes in considerable detail the procedure for obtaining the certificate required of Chinese for entrance into the United States, and in so doing treats the several classes of exempt Chinese with strict distinctness. The detailed information required of Chinese merchants is different from that required of Chinese travelers. The importance of these different requirements is emphasized by the provision that the certificate "shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States." This provision was not contained in the statute as originally enacted in 1882 (22 Stat. 60), but was added in 1884 (23 Stat. 116).

A consideration of these provisions leads to the conclusion that the distinctness with which each exempt class is treated creates a separate status for each and that the Department, in passing the regulation in question, correctly interpreted the meaning of the word "status" contained in section 15 of the act of 1924.

The conclusion that a Chinese temporarily admitted as a traveler cannot remain as a merchant was reached in Ex parte Wong Gar Wah (C. C. A.) 18 F.(2d) 250, certiorari denied Wong Gar Wah v. Carr, 275 U. S. 529, 48 S. Ct. 21, 72 L. Ed. 409.

It is urged the statutes so construed are not in conformity with the Treaty with China, concluded November 17, 1880, and proclaimed October 5, 1881 (22 Stat. 826), pursuant to which the act of 1882 was passed. This treaty, after providing that the United States may "regulate, limit, or suspend" (article 1) the coming of Chinese laborers, continues (article 2): "Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants * * * shall be allowed to go and come of their own free will and accord. * * * "

Article 4 thereof expressly provides for further legislation in accordance with the treaty. To regulate the admission of exempt Chinese and to minimize the opportunities for evasion of the exclusion laws by meticulously providing for the method by which a Chinese alien might establish that he is within one of the exempt classes is not inconsistent with either the letter or spirit of the treaty.

There is nothing to the contrary in the decision in Dang Foo v. Day (C. C. A.) 50 F.

(2d) 116. In that case the court held that, where a Chinese alien has been admitted to this country as a traveler under a certificate and court order which, as viewed by the court, placed no limitation upon the length of his stay, the Department of Labor was without authority to exact a bond conditioned on his departure by a certain date. The regulation here directly involved was not mentioned in the prevailing opinion of the court or in the briefs of counsel. The necessity of considering the validity of the regulation and the consequent occasion for a detailed examination of the statutes was not presented to the court.

The writ accordingly must be dismissed.