**SUGAYA v. HAFF, District Director of Immigration.**

**No. 7574.**

Circuit Court of Appeals, Ninth Circuit.

Aug. 12, 1935.

Stephen M. White, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., Robert L. McWilliams, Asst. U. S. Atty., and Arthur J. Phelan, U. S. Immigration and Naturalization Service, all of San Francisco, Cal., for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

This appeal is from an order of the District Court denying appellant's petition for a writ of habeas corpus and remanding petitioner to the custody of the United States Commissioner of Immigration for deportation. The appellant, a native and citizen of Japan, was first admitted to the United States in 1917, and has since resided continuously in this country except for two visits to Japan of a few months each. In February, 1927, he departed for Japan after having obtained a re-entry permit from the Commissioner General of Immigration at Washington upon the ground that he was an alien who was lawfully domiciled in the United States and who was departing therefrom for a temporary visit abroad. He returned to the United States in May, 1927, and was admitted on the basis of his re-entry permit under the status of a returning resident. 8 USCA § 204 (b). Appellant again departed for Japan in August, 1930, after having obtained another re-entry permit upon the same ground as the previous one. Appellant returned to the United States in February, 1931, but instead of presenting his re-entry permit as a basis for his admission, he presented an immigration visa issued by the American Consul in Tokyo, Japan, on January 20, 1931, evidencing his status as a so-called "treaty trader," under section 3 (6) of the Immigration Act of 1924 (8 USCA § 203 (6), and under this status he was admitted.

At the hearing before the immigration officers, appellant testified that the reason he sought to be admitted as a treaty trader under section 3 (6) of the Immigration Act of 1924, supra, rather than on the basis of his re-entry permit, was because he would be entitled to bring in his wife who returned with him from Japan. As a basis for his entry under section 3 (6) of the Immigration Act of 1924 as "an alien entitled to enter the United States solely to carry on trade under and in pursuance of the provision of a present existing treaty of commerce and navigation," appellant claims to be a representative of the Nippon Motion Picture Film Company of Japan, assertedly coming to the United States to buy films.

Appellant was arrested by the immigration authorities in May, 1931, and, after hearing, was ordered deported on the ground that he has remained in the United States after failing to maintain the exempt status of "treaty trader" under which he was admitted. At the time of his arrest appellant was found operating a delivery truck for a laundry which appellant testified was owned by his father, although it appears

from the evidence that the delivery truck was registered in appellant's name and that the license for the operation of the laundry was also in his name. His wife testified that "he delivers the laundry to the customers," but appellant himself claimed that he helped at the laundry only occasionally and without compensation just to pass the time away. Appellant admits that he transacted no business for the Nippon Motion Picture Film Company since his entry, has received no salary from them, and claims since his entry to have been awaiting instructions from that concern. At a subsequent hearing appellant claimed to have received two letters from the Nippon Motion Picture Film Company, but refused to produce them or to divulge their contents on the ground that they were about business and confidential. At that time he again testified that he had purchased no films because he had received no instructions. At the time of his last entry into the United States in February, 1931, appellant was admitted under section 3 (6) of the Act of 1924 as a "treaty trader." It is essential to his right to remain in this country that he continue to maintain such status. In Kumaki Koga et ux. v. Berkshire, 75 F.(2d) 820, 822, this court, speaking through Circuit Judge Garrecht, stated: "Of course, one admitted as a 'treaty trader' would have to maintain such status. Should he fail to do so, he would be subject to deportation, as where one admitted as a merchant becomes a laborer. United States ex rel. To Ming v. Com'r et al., 52 F.(2d) 791 (D. C. N. Y.). See, also, Ex parte Wong Gar Wah (Wong Gar Wah v. Carr), 18 F.(2d) 250 (C. C. A. 9); United States ex rel. Lam Shin Hing v. Corsi, etc., 4 F. Supp. 591 (D. C. N. Y.)." Our decision in Kumaki Koga v. Berkshire, supra, and the cases cited in support thereof, notably United States ex rel. To Ming v. Commissioner, 52 F. (2d) 791 (D. C. N. Y.), dispose of the appellant's contention based upon decisions dealing with entries prior to the Immigration Act of 1924, which hold that a Chinese entering as a merchant prior to the Immigration Act of 1924 could remain in the United States after abandoning his status as such. This was not a treaty right (Chin Fong v. Backus, 241 U. S. 1, 5, 36 S. Ct. 490, 60 L. Ed. 859), and hence was not extended to Japanese by the "most favored nation" clause of our treaty with Japan, and was terminated by the Immigration Act of 1924, as to entries made subsequent thereto under section 3 (6) of the Immigration Act, supra.

█ Appellant contended before the immigration authorities that he was not engaged as a laundryman, but insisted that he was a representative of the Nippon Motion Picture Film Company which gave him the status of a "treaty trader." There is substantial evidence in support of the conclusion of the immigration authorities that he was engaged as a laundryman, and the question is whether or not such an occupation comes within the status of "treaty trader." Appellant now contends that by conducting or being employed in a laundry he did not abandon his mercantile status. In Yee Won v. White, 258 F. 792 (affirmed 256 U. S. 399, 41 S. Ct. 504, 65 L. Ed. 1012), this court held that a laundryman is a laborer and not a merchant. The same conclusion was reached by the Circuit Court of Appeals for the Second Circuit in Re Leung, 86 F. 303. We are in accord with this conclusion.

Appellant was accorded a fair hearing before the immigration authorities, and there is substantial evidence to support the conclusion reached by them that appellant has remained in the United States after failing to maintain the status of "treaty trader" under which status he was admitted, and therefore that he is subject to deportation under section 14 of the Immigration Act of 1924 (8 USCA § 214). The District Court, therefore, properly denied appellant's petition for a writ of habeas corpus. Kumaki Koga et ux. v. Berkshire, 75 F.(2d) 820, supra.

█ Having elected to enter the United States under the status of a "treaty trader" under section 3 (6) of the Immigration Act of 1924 upon his return from Japan in February, 1931, appellant's right to remain here is dependent upon his maintaining that status. He cannot now rely on the re-entry permit which he had as a returning resident but which he chose not to use, as a basis for his right to remain here. See, on this general subject, Marty v. Nagle, 44 F.(2d) 695 (C. C. A. 9); U. S. ex rel. Thomas v. Day, 29 F.(2d) 485 (C. C. A. 2).

Order affirmed.