## MASAHIKO INOUYE v. CARR, District Director.

### No. 8275.

Circuit Court of Appeals, Ninth Circuit.
April 12, 1937.

Marie Murphy Ellis, of Pasadena, Cal., and Gus L. Baraty, of San Francisco, Cal., for petitioner.

Peirson M. Hall, U. S. Atty., and M. G. Gallaher and Howell Purdue, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

Appellant, a Japanese alien, was taken into custody by appellee, as District Director of Immigration and Naturalization at Los Angeles, California, upon a warrant issued by the Secretary of Labor, directing appellee to deport appellant to Japan. Appellant thereupon petitioned the District Court for a writ of habeas corpus. From an order dismissing his petition and remanding him to appellee's custody, this appeal is prosecuted.

Appellant was admitted to the United States on November 25, 1933. Being of the Japanese Race and, therefore, ineligible to citizenship,[1] and being neither a nonquota immigrant[2] nor the wife or child of a nonquota immigrant, he could not be and was not admitted as an immigrant. Immigration Act of 1924, § 13(c), 43 Stat. 161, as amended, 46 Stat. 581 (8 U.S.C.A. § 213(c).[3] He could be and was admitted as an alien visiting the United States temporarily. Such aliens are not classed as immigrants, but are excepted from that classification by section 3 of the Immigration Act of 1924, 43 Stat. 154, as amended, 47 Stat. 607 (8 U.S.C.A. § 203), which provides:

"When used in this Act [subchapter] the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except . . . (2) an alien visiting the United States temporarily as a tourist or temporarily for business or pleasure, . . . and (6) an alien entitled to enter the United States solely to carry on trade between the United States and the foreign state of which he is a national under and in pursuance of the provisions of a treaty of commerce and navigation . . . ."

Section 15 of the act, 43 Stat. 162, as amended, 47 Stat. 524 (8 U.S.C.A. § 215), provides:

"The admission to the United States of an alien excepted from the class of immigrants by clause . . . (2) . . . or (6) of section 3 [section 203 of this title] . . . shall be for such time as may be by regulations prescribed,[4] and under such conditions as may be by regulations prescribed (including, when deemed necessary for the classes mentioned in clause (2) . . . or (6) of section 3 [section 203] . . ., the giving of bond with sufficient surety, in such sum and containing such conditions as may be by regulations prescribed) to insure that, at the expiration of such time or upon failure to maintain the status under which admitted, he will depart from the United States."

Regulations prescribed for the enforcement of this and other provisions of the act are called "rules." Paragraph 1 of subdivision H of Rule 3, in effect at the time of

---

[1] Takao Ozawa v. United States, 260 U.S. 178, 198, 43 S.Ct. 65, 69, 67 L.Ed. 199.

[2] For a definition of the term "nonquota immigrant," see section 4 of the Immigration Act of 1924, 43 Stat. 155, as amended, 44 Stat. 812, 45 Stat. 1009, 46 Stat. 854, 47 Stat. 656 (8 U.S.C.A. § 204). See, also, section 1 of the Act of June 28, 1932, c. 283, 47 Stat. 336 (8 U.S.C.A. § 204a).

[3] Section 13(c), as amended, provides: "No alien ineligible to citizenship shall be admitted to the United States unless such alien (1) is admissible as a nonquota immigrant under the provisions of subdivision (b), (d), or (e) of section 4

[section 204 of this title], or (2) is the wife, or the unmarried child under 18 years of age, of an immigrant admissible under such subdivision (d), and is accompanying or following to join him, (3) is not an immigrant as defined in section 3 [section 203 of this title], or (4) is the Chinese wife of an American citizen who was married prior to May 26, 1924."

[4] Section 24 of the act, 43 Stat. 166 (8 U.S.C.A. § 222), provides: "The Commissioner General [of Immigration], with the approval of the Secretary of Labor, shall prescribe rules and regulations for the enforcement of the provisions of this Act [subchapter]."

appellant's admission to the United States, provided:

"In cases where an alien claims to be visiting the United States temporarily as a tourist or temporarily for business or pleasure, if the examining officer is satisfied beyond a doubt of the applicant's status, he may temporarily admit such alien, if otherwise admissible, for a reasonable fixed period, under no circumstances to exceed one year, on condition that such alien shall maintain such status of a nonimmigrant during his temporary stay in the United States and voluntarily depart therefrom at the expiration of the time fixed and allowed. . . ."

Appellant's admission was pursuant to paragraph 1 and was for a fixed period of six months, commencing November 25, 1933. He did not obtain or apply for an extension of his temporary stay in the United States,[5] but did on February 1, 1934, apply for a change of status from that of "an alien visiting the United States temporarily"[6] to that of "an alien entitled to enter the United States solely to carry on trade between the United States and [Japan] under and in pursuance of a treaty of commerce and navigation."[7] Such applications are not provided for by any act of Congress, but paragraph 4 of subdivision H of Rule 3, supra, provides:

"After an alien has gained admission by claiming a visitor's status, a trader's status or . . . an official status, . . . he cannot change from the specific status under which he was admitted, unless, because of the peculiar circumstances of his case, the Secretary of Labor authorizes such change. In meritorious cases where the Secretary of Labor does authorize the change, he may . . . exact, as a condition of the change, a bond . . . to insure that the alien shall voluntarily depart from the United States at the expiration of a time fixed by the Secretary of Labor or upon his failure to maintain the specific new status acquired, whichever shall happen sooner."

Appellant's application for change of status was heard by an immigrant inspector on March 21, 1934, appellant being present in person and testifying in his own behalf. The record of that hearing was transmitted to the Secretary of Labor and was reviewed by a board of review, upon whose recommendation the Secretary, on August 14, 1934, denied appellant's application. The application was reconsidered by the board and was again denied by the Secretary on December 10, 1934.

The period of six months for which appellant was admitted to the United States expired on May 25, 1934. Appellant did not then or thereafter voluntarily depart, but remained and still remains in the United States. Section 14 of the Immigration Act of 1924, 43 Stat. 162 (8 U.S.C.A. § 214), provides:

"Any alien who at any time after entering the United States is found . . . to have remained therein for a longer time than permitted under this Act [subchapter] or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917 [39 Stat. 889, 890, 8 U.S.C.A. §§ 155, 156][8] . . . ."

Accordingly, on February 16, 1935, the Secretary of Labor issued a warrant, charging that appellant was unlawfully in the United States, in that he had remained therein for a longer time than permitted under the Immigration Act of 1924 or regulations made thereunder, and directing appellee to take appellant into his custody and to give him a hearing to enable him to show cause why he should not be deported. Such a hearing was had before an immigrant inspector on March 5, 1935, appellant being present in person, represented by counsel, and testifying in his own behalf. The record of that hearing was transmitted to the Secretary of Labor and was reviewed by a board of review. Both the inspector and the board recommended that appellant be deported. The Secretary thereupon is-

---

[5] Such extensions are provided for in paragraphs 1 and 2 of subdivision C of Rule 25.

[6] See clause 2 of section 3 of the Immigration Act of 1924 (8 U.S.C.A. § 203 (2), supra.

[7] See clause 6 of section 3, as amended, supra (8 U.S.C.A. § 203(6)).

[8] Section 19 (8 U.S.C.A. § 155), provides: "At any time within five years after entry, any alien . . . who shall be found in the United States in violation of this Act [subchapter], or in violation of any other law of the United States . . . shall upon the warrant of the Secretary of Labor, be taken into custody and deported . . . ." Section 20 (8 U.S.C.A. § 156) prescribes the manner in which deportation warrants shall be executed.

sued the deportation warrant first hereinabove referred to, following which appellant filed his petition for habeas corpus.

Appellant's brief states that the questions presented on this appeal are:

"1. Were the findings of fact upon which the charge was made in the warrant of deportation supported by any valid evidence?

"2. Were the conclusions of law upon which the charge was made in the warrant of deportation correct interpretations of the law?"

The warrant recites that "from proof submitted to [the Secretary], after due hearing before an authorized immigrant inspector, [the Secretary has] become satisfied that [appellant] is subject to deportation under section 19 of the Immigration Act of . . . 1917, being subject thereto under the . . . [Immigration] Act of 1924, in that he has remained in the United States for a longer time than permitted under the said Act or regulations made thereunder."

The Secretary's one and only finding of fact was that appellant had remained in the United States for a longer time than permitted by the Immigration Act of 1924 or regulations made thereunder. Her one and only conclusion of law was that appellant was subject to deportation. The finding was amply supported by the evidence. It was established by uncontradicted evidence and by appellant's own testimony that he sought and obtained admission to the United States as a temporary visitor; that he did not, at the time of his admission, claim any other status; that, as such temporary visitor, he was admitted for a fixed period of six months; that there was no extension of said period; and that he remained in the United States after the expiration of said period and until taken into custody by appellee. Upon these undisputed facts, the Secretary properly concluded that appellant was subject to deportation. Tatsumi Masuda v. Nagle (C.C.A.9) 55 F.(2d) 623, 624. See, also, Sugaya v. Haff (C.C.A.9) 78 F.(2d) 989, 990; Kumaki Koga v. Berkshire (C.C.A.9) 75 F.(2d) 820, 822; Ex parte Wong Gar Wah (Wong Gar Wah v. Carr) (C.C.A.9) 18 F.(2d) 250, 251.

Appellant complains of the Secretary's failure to find that appellant was carrying on trade between the United States and Japan, within the meaning of clause 6 of section 3 of the Immigration Act of 1924, as amended, and was, therefore, entitled to enter the United States as a trader. Such a finding, if made, would avail appellant nothing. Assuming, without deciding, that appellant was entitled to enter the United States as a trader, the fact remains that he did not so enter. He entered as a visitor. Having entered as a visitor, he is not entitled to remain as a trader. Tatsumi Masuda v. Nagle, supra; Sugaya v. Haff, supra.

Order affirmed.